IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LIMELIGHT NETWORKS, INC.,
          Plaintiff,

v.                                       Civil Action No. 3:15-cv-720-JAG

XO COMMUNICATIONS, LLC
and AKAMAI TECHNOLOGIES INC.,

          Defendants.

## ORDER

This matter comes before the Court on the defendants' motion to file documents under seal (Dk. No. 32.) and the plaintiff's agreed motion to seal (Dk. No. 35.) The parties seek to seal information designated as "Highly Confidential – Outside Counsel's Eyes Only" pursuant to this case's Agreed Protective Order. The Court DENIES these motions.

Information that parties consider confidential does not automatically qualify for sealing when filed as a court document. Indeed, "[t]he public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). Before a court may seal any court document, "it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Based on its *in camera* review, the Court finds no "unusual circumstances" here that outweigh the public's right of access to judicial records. The parties offer no specific arguments

as to why all of the information sought to be sealed warrants sealing beyond bald assertions that the documents contain sensitive business information. This does not suffice.

The parties shall re-file all documents previously filed under seal on CM/ECF.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: September 19, 2016
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge