IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br>  Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> XO COMMUNICATIONS, LLC., <br><br>  Defendant, <br><br> AKAMAI TECHNOLOGIES, INC., <br><br>  Defendant and Counterclaim Plaintiff, <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br>  Counterclaim Plaintiff. | Case No. 3:15cv720-JAG <br><br> **JURY TRIAL DEMANDED** |

**LIMELIGHT NETWORKS, INC.'S OPPOSITION TO AKAMAI TECHNOLOGIES, INC.'S MOTION TO COMPEL ADDITIONAL TIME FOR THE DEPOSITION OF DR. KEVIN C. ALMEROTH**

Akamai's request for three days of deposition with Dr. Almeroth is not justified under the cases Akamai cites or the facts of the present case. Akamai's original reason for seeking this additional time was that Limelight was asserting 25 claims. At Akamai's request, this Court has limited the number of claims for trial to ten per side, thus addressing Akamai's apparent concerns, and the basis for its demand. Yet despite obtaining this sixty percent claim reduction, Akamai has not reduced its deposition time demand at all, and still demands three days. There is nothing to show that Akamai cannot cover this narrowed scope of material in the ten hours of

1

deposition that Limelight offered as a reasonable compromise and that Akamai believes is sufficient on its ten claims of its own five patents. Akamai's motion should be denied.

I. **AKAMAI'S REQUEST FOR ADDITIONAL DAYS OF DEPOSITION IS NOT JUSTIFIED BY THE CASES AKAMAI CITES**

Akamai asserts that: "Consistent with the rules, courts have routinely granted additional time for expert depositions in complex patent cases like this one." D.I. 211 at 4. But Akamai only cites two cases. This hardly establishes a routine. Moreover, Akamai knows that its request does not represent the "routine" because another case that Akamai previously relied upon in correspondence with Limelight shows how excessive Akamai's demand really is. Limelight pointed this out in correspondence and Akamai did not rely upon this case in filing its motion. *See* D.I. 211-6, at 1-2 (counsel's correspondence including discussion of *Phillip M. Adams & Associates, L.L.C. v. Fujitsu Ltd.*).

While *Fujitsu* shows that the usual limit of a one-day, seven-hour deposition may be extended where appropriate, that is not the dispute here because Limelight has agreed to increase the deposition hours from 7 to 10. Indeed, the *Fujitsu* case on which Akamai previously relied also shows that such a modification is done in response to a showing of need, which Akamai cannot make. *Fujitsu* involved "multiple adverse parties"—specifically, five. *Phillip M. Adams & Assocs., LLC v. Fujitsu Ltd.*, No. 1:05-cv-64, 2010 U.S. Dist. LEXIS 45662 at *9, *11 (D. Utah May 10, 2010). Moreover, *Fujitsu* involved "five asserted patents, 40 asserted claims, hundreds of alleged infringing products, [and] trade secret misappropriation claims against three parties, and five defendants." *Id.* at *9. Nevertheless, the Court recognized that while "seven hours is not enough" the 28 hours requested by defendants "is too much – each party would have over half a day to depose each expert." *Id.* at *13. After claim reduction, Limelight is only proceeding on one quarter that number of claims. Yet in *Fujitsu*, while the total time was

2

increased, "the party noticing the expert deposition [was] permitted three hours of examination and the other parties . . . [were] permitted two hours." *Id.*, at *13. These per party limits in a patent case with four times the active claims and more than five times the number of accused products shows how excessive Akamai's demands really are.

As to the cases Akamai cites: Akamai's reliance on *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-C-916 (E.D. Wis. Sept. 21, 2011) is misplaced. At the time of expert depositions, *Kimberly-Clark* involved "eighteen infringement and invalidity topics associated with nine patents." 09-C-916, D.I. 528 at 1. Based on the summary judgment record a few months later, at least 31 claims were asserted for seven of those nine patents.[1] The number of asserted claims from seven of the nine asserted patents in *Kimberly-Clark* is more than three times the number of claims presently asserted by Limelight. Three days for thirty-one claims is proportional to one day for ten. This case does not support Akamai.

Additionally, the plaintiff in *Kimberly-Clark* had already sought and received agreement from defendants to depose defendant's five experts over the course of eight days—about 11 hours with each expert. 09-C-916, D.I. 528 at 1. However, the plaintiff refused to provide its two experts for more than four days total of deposition. *Id.* Ultimately, the Court granted the defendant six days of deposition – three for each of the plaintiff's two experts, *id.*, but expressed its "hope that each side could complete the depositions in a far shorter time than either the eight or six days allowed." *Id.* at 3. There is no such parity gap in the present case as Limelight and

---

[1] Limelight has copies and is prepared to submit to the Court the following docket entries of the summary judgment record cited herein if the Court so wishes. *See* 09-C-916, D.I. 532 at 1 (claim 4 of U.S. Patent No. 6,454,751); 09-C-916, D.I. 537 at 1 (claims 12, 13, 19, 29, 30 of U.S. Patent No. 7,156,939); 09-C-916, D.I. 555 at 1 (claims 8-10 of U.S. Patent No. 6,849,067); 09-C-916, D.I. 592 at 1 (claims 18, 19, 20, 29, 31 of U.S. Patent No. 6,307,119); 09-C-916, D.I. 604 at 1 (claims 4, 5, 7, 10, 15, 16 of U.S. Patent No. 6,513,221); 09-C-916, D.I. 608 at 1 (claims 1, 3, 4, 5 of U.S. Patent No. 6,514,187); 09-C-916, D.I. 655 at 14 (claims 1, 4, 5, 6, 9, 12, 13 of U.S. Patent No. 6,885,451).

Akamai will have the same number of expert deposition hours as each other in any of the options the parties have proposed.

Akamai's reliance on *Ricoh Co. Ltd. v. Quanta Storage, Inc.*, Case No. 3:06-cv-00462 (W.D. Wis. Jun 1, 2007) does not compel the result Akamai seeks. Akamai cites *Quanta* for the proposition that: "It is incomprehensible to this court that the plaintiff in a multinational high-tech patent lawsuit flat-out refused to make one of its pivotal experts available for more than seven hours of deposition based solely on the presumptive limit of Rule 30(d)." D.I. 211 at 4 (quoting *Quanta*, emphasis removed). This case is not like *Quanta*. Limelight has not "flat out" refused to go over seven hours and it is not even basing its disagreement with Akamai solely on the presumptive limit of Rule 30(d). Limelight simply does not agree that on the facts of this case 21 hours are justified or necessary—a proposition Akamai agrees with for its own patents, but not for Limelight's.

## II. AKAMAI'S PROPOSAL IS UNJUSTIFIED AND UNWORKABLE ON THE FACTS OF THIS CASE

On the facts of this case, additional days are not required and Limelight's proposed compromise of ten hours per technical expert is entirely reasonable. When Akamai originally requested three days of deposition with Dr. Almeroth, its request was expressly based on the fact that there were still twenty-five asserted claims per side. *See* D.I. 211-1 at 1 ("Given the number of patent claims still asserted in the litigation, we believe three days is both necessary and appropriate for Dr. Almeroth's deposition."). But Akamai had also moved and this Court later granted its motion to impose what amounted to a further sixty-percent reduction in the number of asserted claims from 25 to 10 per side. *See* D.I. 208. So instead of the twenty-five asserted claims that Akamai said justified its need for three days, Limelight now only has ten claims. In filing that motion, Akamai told the Court that if Limelight were not required to reduce its

asserted claims, then Akamai would "be forced to address all asserted claims in expert depositions[.]" D.I. 203 at 8. But even after the Court granted Akamai's request to limit Limelight to ten asserted claims, Akamai has not reduced its original demand for extra time with Dr. Almeroth at all.

Importantly, Akamai has agreed to only ten hours per expert with respect to the two separate experts who are opining on Akamai's asserted counterclaim patents. *See* D.I. 211-4 at 2 ("we are willing to compromise as to the depositions of the technical experts for the Akamai patents, Drs. Mir and Freedman, and agree to limit their depositions to 10 hours each."). Like Limelight, Akamai did not eliminate any of its asserted patents in response to the Court-ordered reduction that occurred on November 2. Like Limelight, Akamai is still asserting ten claims in five patents against numerous products. Akamai attempts to justify its concession that 10 hours per side would be enough for Akamai's patents but not for Limelight's by arguing that the expert reports on Limelight's patents are longer:

> In Akamai's countersuit against Limelight, each of the parties has retained a different technical expert, each of whom produced significantly shorter reports— for example, Dr. Freedman, Limelight's expert in the countersuit, submitted three reports totaling only 906 pages, about one-third the total of Dr. Almeroth's reports. As a compromise, Akamai offered to take only a ten hour deposition of Dr. Freedman.

D.I. 211 at 3 n.1. Akamai's argument does not prove that it needs more time with Dr. Almeroth and the fairer reading is that it proves that Akamai might actually need less. That is because lengthier expert reports have the potential to clarify the issues and obviate the need to use depositions as the primary vehicle of discovery. This is another point of the *Fujitsu* case that Akamai previously relied upon but did not cite in this motion. As the Court there wrote:

> It is difficult to predict what will be an adequate time for completion of the depositions. [. . .] Dr. Kraft's report is shorter, which may require more deposition time; or it may mean less deposition time is needed than for Mr. Gemini who submitted a much larger report.

5

*Fujitsu*, 2010 U.S. Dist. LEXIS 45662, at *12-*13. In short, there is no obvious or necessary correlation showing that a longer report automatically justifies more deposition time. As the *Fujitsu* court acknowledged, it could be just the opposite. Indeed, the Rules Committee Commentary to the 1993 Amendments to the Federal Rules of Civil Procedure further confirms that the expert reports should lessen rather than increase the need for expert depositions:

> Revised subdivision (b)(3)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.

Fed. R. Civ. P. 26, Notes of Advisory Committee on 1993 Amendments. While Akamai cites the subsequent commentary to Rule 30 for the proposition that more time is often needed with experts, this does not address the impact one way or the other of the length of reports. *See* D.I. 211 at 3-4. Thus, all Akamai's statements about its own patents really prove is that it is possible to adequately cover ten claims of five patents with a single expert in ten hours. Akamai does not offer a particularized showing of what it is about the expert reports addressing Limelight's patents that suggests more time is required rather than less. And its argument that more pages justifies more hours runs counter to the acknowledged purpose of the expert disclosure process.

Moreover, it is inherent in patent cases that expert reports are often lengthy. This does not change the fact that, especially after the Court-ordered claim reduction, there are but a few key issues and few truly disputed claim limitations. For example, the key issue regarding the validity of Limelight's 324 Patent is whether the "protocol attribute selector" of 324 Patent Claim 6 that the Court construed is present in the two pieces of prior art relied upon by Akamai. As to infringement, Akamai disputes only that *some* functions identified by Dr. Almeroth infringe, but does not generally contest that its current product meets the remaining asserted claims. So the issues are already presented for a narrow and focused deposition. Thus, as a result of the

lengthy expert reports and as a result of claim reduction, the issues properly deserving of attention in deposition are manageable. Similarly, while Akamai asserts that Limelight has accused "over 20 different Akamai products/services of infringement," D.I. 211, at 2, this is an irrelevant argument. Akamai's motion makes no particularized showing of twenty different non-infringement arguments that it would apply differentially to the different accused products.

Akamai's argument that the amount of damages being sought justifies more time equally lacks merit. Akamai has agreed to depose the damages experts in nine hours per side. This is telling because each side's damages expert is addressing damages issues for both Limelight's claims *and* Akamai's counter claims, thus doubling the number of patents that must be addressed in less time than Limelight's proposed compromise and less than half the time sought by Akamai for the technical experts.

### III. AKAMAI'S MOTION WOULD FURTHER EXPAND EXPERT DISCOVERY BEYOND THE EXPANSION THIS COURT ALREADY ALLOWED

Akamai's motion also states:

> ***If Limelight were using different experts to address the different patents***, Akamai would have been permitted to assign different attorneys to the various discrete depositions (and ***would have been permitted multiple depositions*** of those experts). In this case, where ***Limelight chose to retain only one expert***, each examining Akamai attorney will be responsible for certain patents, so there will be a clear division at the deposition.

D.I. 211 at 6 (emphasis added). But any implication that Limelight only having one expert for Limelight's own patents deprives Akamai of an entitlement misstates the record of this case. In fact, Akamai omits that this Court previously had imposed a limit of one technical expert per side and later on Akamai's renewed motion raised that limit to two per side. What the record of this case really shows is that because the Court allowed the parties two witnesses instead of one, Akamai's allotted expert deposition time has already been expanded, and Akamai is now seeking to expand it further.

7

This Court's Scheduling Order originally prohibited the parties from using more than one technical expert per side. *See* D.I. 55, Patent Case Initial Pretrial Order, at 2 ("Each party may call only one expert per discipline absent Court order."). The parties filed a joint motion to expand that to two technical experts per side. *See* D.I. 126, Jul. 13, 2016, Joint Motion to Modify Patent Case Initial Pretrial Order. The Court denied that motion. *See* D.I. 129 ("the Court DENIES the joint request to allow each party to call two technical experts at trial[.]"). However, Akamai filed a renewed motion, D.I. 131, which Limelight agreed not to oppose, and the Court ultimately granted. *See* D.I. 134. If not for Akamai's renewed motion, the rules would only contemplate a single day of deposition for what would then have been Limelight's sole technical expert on all claims of both sides' patents. Now, under Limelight's proposed compromise of ten hours per expert, Akamai would have a total of twenty hours with Limelight's two technical experts: twenty hours, or just one hour short of three times the number of hours contemplated by rule had the parties proceeded under the Court's original one-expert limit. This is already a significant expansion of expert depositions. There is no reason to go beyond that.

Further, in their joint motion to increase the number of experts, the parties together informed the Court: "The parties do not believe that having two technical experts per side will extend the trial schedule." D.I. 126, at 3 (¶ 6). But as shown above, Akamai's request threatens to do just that: under Akamai's proposal the parties would need to take and defend six full days of expert deposition on Limelight's patents alone between now and November 16, when expert discovery is scheduled to close.

In addition, granting Akamai's present request would let Akamai renege on an important reason it gave the Court for why the parties should get two technical experts instead of one.

When Akamai filed a renewed motion, which the Court ultimately granted, Akamai told the Court:

> While the parties have not yet discussed expert depositions, if each party has only one technical expert, the depositions could be extremely long and taxing because the expert(s) will have to address opinions on eleven patents in multiple expert reports. This will be much more manageable if the parties split their respective patents between two experts as explained herein.

D.I. 132, at 4 n.3. After asking for and receiving permission to use two experts instead of one to avoid "extremely long and taxing" depositions Akamai should not be allowed to impose that very thing on Limelight's expert. And that is what it asking for: three days instead of one; and multiple attorneys to ask him questions.

## IV. CONCLUSION

The parties are less than two months from trial and the Court has already narrowed the scope of issues that the parties can present to the jury. Akamai's demand is excessive, unjustified, and unworkable within the Court's schedule. Limelight's proposed compromise is reasonable and appropriate. Akamai's motion should be denied.

Date: November 4, 2016

Respectfully submitted,

/s/ Natasha M. Saputo
Natasha M. Saputo (Va. Bar No. 80893)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001

Maya M. Eckstein (Va. Bar No. 41413)
HUNTON & WILLIAMS LLP
951 Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

9

Meckstein@hunton.com

Matthew D. Powers (CA Bar No. 104795)
(*pro hac vice*)
Steven Cherensky (CA Bar No. 168275)
(*pro hac vice)*
Paul T. Ehrlich (CA Bar No. 228543)
(*pro hac vice*)
Azra Hadzimehmedovic (CA Bar No. 239088)
(*pro hac vice*)
William P. Nelson (CA Bar No. 196091)
(*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316)
(*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Lital Leichtag-Fuks (CA Bar No. 295080)
*(pro hac vice)*
Yi Chen (CA Bar No. 295236)
*(pro hac vice)*
Jae Shin (CA Bar No. 294599)
*(pro hac vice)*
Sergio Davila (CA Bar No. 302689)
*(pro hac vice)*
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:     (650) 802-6001
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
jae.shin@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

*Attorneys for Plaintiff and Counterclaim Defendant Limelight Networks, Inc.*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2016, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Natasha M. Saputo
Natasha M. Saputo
