**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., | Case No. 3:15cv720-JAG |
| Plaintiff and Counterclaim Defendant, | |
| v. | **JURY TRIAL DEMANDED** |
| XO COMMUNICATIONS, LLC., | |
| Defendant, | |
| AKAMAI TECHNOLOGIES, INC., | |
| Defendant and Counterclaim Plaintiff, | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | |
| Counterclaim Plaintiff. | |

**LIMELIGHT NETWORKS, INC.'S BRIEF REGARDING JURY TRIAL**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. The Seventh Amendment Protects The Right To A Jury Trial For Patent Infringement Actions Claiming Monetary Damages. ........................................................ 1

III. Limelight's Claims For Monetary Damages Survive The Court's Order Granting Akamai's *Daubert* Motion. ................................................................................................ 2

    1. Akamai Challenged Only A Portion Of Limelight's Expected Damages Evidence And Did Not Seek Summary Judgment Of Zero Damages. ....... 3

    2. The Mere Exclusion Of A Damages Expert Is Insufficient To Grant Summary Judgment Of No Monetary Damages. ....................................... 3

IV. Limelight Expects To Present Evidence At Trial Supporting A Finding Of Monetary Damages. ............................................................................................................................ 6

    1. Expert Testimony Is Not Required To Support A Jury Finding Of Reasonable Royalty Damages. ................................................................... 6

    2. Expert Testimony Is Not Required To Support A Jury Finding Of Lost Profits Damages. ........................................................................................ 7

    3. Limelight Expects To Present To The Jury Fact And Expert Witness Testimony, Documents, And Other Evidence Sufficient To Support A Finding Of Monetary Damages. ................................................................ 9

V. Akamai Did Not Challenge Dr. Prowse's Opinions Regarding Damages For The 348 Patent ................................................................................................................................ 10

VI. Conclusion ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014) .................................................................................. 4, 5

*Birdsall v. Coolidge*,
  93 U.S. 64 (1876) ............................................................................................................ 2

*Contour Chair Lounge Co. v. True-Fit Chair, Inc.*,
  648 F. Supp. 704 (E.D. Mo. Oct. 14, 1986) .................................................................. 7

*Dow Chemical. Co. v. Mee Industries., Inc.*,
  341 F.3d 1370 Fed. Cir. 2003) ....................................................................................... 4

*GuideTech, Inc. v. Brilliant Instruments, Inc.*,
  No. C 09-5517 CW, 2014 U.S. Dist. LEXIS 118439  (N.D. Cal. Aug. 22, 2014) ................. 8

*Korszun v. Pub. Techs. Multimedia, Inc.*,
  No. 3-00-cv-327 JCH, 2002 U.S. Dist. LEXIS 18846 (D. Conn. Aug. 30, 2002) ................. 8

*Manville Sales Corp. v. Paramount Systems, Inc.*,
  917 F.2d 544 (Fed. Cir. 1990) ....................................................................................... 7

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996) .................................................................................................. 1, 2

*MeadWestVaco Co., et al., v Rexam PLC, et al.,*
  No. 1:10cv511, (E.D. Va. August 31, 2011) ................................................................. 6

*Phillip M. Adams & Asocs., LLC v. Winbond Elecs. Corp.*,
  No. 1:05-CV-64 TS, 2010 U.S. Dist. LEXIS 95969 (D. Utah, Sept. 14, 2010) ................. 7

*Ricoh Elecs. v. Nashua Corp.*,
  No. 94-163-M (D.N.H. Sept. 30, 1998) ......................................................................... 8

*Tegal Corp. v. Tokyo Electron Am., Inc.*,
  257 F.3d 1331 (Fed. Cir. 2001) ..................................................................................... 2

*Trell v. Marlee Electronics Corp.*,
  912 F.2d 1443 (Fed. Cir. 1990) ..................................................................................... 7

*United States v. Esnault-Pelterie*,
  299 U.S. 201 (1936) ....................................................................................................... 2

**Constitutional Provisions**

United States Constitution Amendment 7 .................................................................................. 1

**Statutes**

35 U.S.C. §284 ............................................................................................................................. 1

I.   **INTRODUCTION**

Limelight is entitled to trial by a jury on its patent infringement claims. Under 35 U.S.C. §284, Limelight is entitled, upon a showing of Akamai's infringement, to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. . . ." Unambiguous Federal Circuit precedent establishes that patentees may present evidence of monetary damages through either experts or fact witnesses and documents, or both. Summary judgment of zero damages is appropriate *only* when a movant establishes that the record either is "***completely lacking any evidence*** on which to base a damages award" or that the patentee would have accepted $0 as a royalty payment in the hypothetical negotiation.

This Court's Order granting Akamai's *Daubert* motion made no such finding; nor was the issue before the Court. Instead, the Court's Order only precludes Limelight from offering certain expert testimony regarding damages. Because expert testimony is not required to establish either reasonable royalty or lost profits damages, and because Limelight expects to present fact and expert testimony and other evidence not precluded by the Court's *Daubert* Order that will be sufficient to support a finding of monetary damages, Limelight's claims for monetary damages and its Seventh Amendment right to a jury trial persist.

II.  **THE SEVENTH AMENDMENT PROTECTS THE RIGHT TO A JURY TRIAL FOR PATENT INFRINGEMENT ACTIONS CLAIMING MONETARY DAMAGES.**

The Seventh Amendment states that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const., Amdt. 7. The Supreme Court and the Federal Circuit have applied this protection to patent infringement cases involving monetary damages. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996) ("there is no dispute that infringement cases today must be tried to a

1

jury, as their predecessors were more than two centuries ago."); *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) ("The Supreme Court's cursory disposal of the issue was entirely understandable and appropriate because damages were requested in the original [*Markman*] trial litigation.") (quoting and describing *Markman*, 517 U.S. at 377).[1] The Seventh Amendment and precedent from the Supreme Court and the Federal Circuit continue to protect Limelight's right to a trial by jury even in view of this Court's March 13, 2017 Order (D.E. 420) granting Akamai's *Daubert* motion[2] because the partial,[3] or even full, exclusion of Limelight's damages expert does not dispose of Limelight's claims for monetary damages.

### III. LIMELIGHT'S CLAIMS FOR MONETARY DAMAGES SURVIVE THE COURT'S ORDER GRANTING AKAMAI'S *DAUBERT* MOTION.

Limelight's original and amended Complaints explicitly plead Limelight's claims for the legal remedy of monetary damages no less than the reasonable royalty guaranteed by 35 U.S.C. §284. D.E. 1 (Limelight's Complaint) at ¶¶ 3 ("Plaintiff Limelight seeks monetary damages, prejudgment interest and injunctive relief for Akamai's and XO's past and on-going infringement of the Patents-in-Suit.") and 150 ("Limelight respectfully prays for relief as follows: . . . (b) A judgment awarding Limelight all damages adequate to compensate for Akamai and XO's infringement, and in no event less than a reasonable royalty for Akamai's and XO's acts of infringement . . ."); D.E. 28 (Limelight's Amended Complaint) at ¶¶ 3, 178 (same); *see*

---

[1] *See also Birdsall v. Coolidge*, 93 U.S. 64, 64 (1876) ("Juries, in an action at law for the infringement of a patent, are required to find the actual damages sustained by the plaintiff in consequence of the unlawful acts of the defendant."); *United States v. Esnault-Pelterie*, 299 U.S. 201, 205 (1936) ("Validity and infringement are ultimate facts on which depends the question of liability. In actions at law they are to be decided by the jury.")
[2] Limelight respectfully maintains its disagreement with this Court's order granting Akamai's *Daubert* motion and Limelight reserves all rights to appeal that decision at the appropriate time or seek additional recourse once the Court issues its opinion.
[3] As explained below, Akamai did not seek to exclude Dr. Prowse's testimony and opinions regarding the 348 Patent. Nor did the parties address the potential exclusion of Dr. Prowse's 348 testimony and opinions in their *Daubert* briefs or in the January 10, 2017 evidentiary hearing.

2

*also* 35 U.S.C. § 284. Limelight's complaints also included a demand for a trial by jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Rule 38. D.E. 1 at 46 ("**DEMAND FOR JURY TRIAL** Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Limelight demands a trial by jury in this action."); D.E. 28 at 55 (same).

### 1. Akamai Challenged Only A Portion Of Limelight's Expected Damages Evidence And Did Not Seek Summary Judgment Of Zero Damages.

This Court's Order granting Akamai's *Daubert* motion did not dispose of Limelight's claims for monetary damages or Limelight's right to a jury trial. Akamai's *Daubert* motion challenged only three aspects of Dr. Prowse's opinions: (1) his opinion regarding how the parties would negotiate to split the value of Limelight's 324, 155, and 577 Patents; (2) the apportionment in his reasonable royalty opinion regarding Limelight's 002 Patent; and (3) the apportionment in his lost profits opinion regarding Limelight's 324, 155, and 002 Patents. *See* D.E. 231 (Akamai's *Daubert* Motion). Notably, Akamai's *Daubert* motion did not challenge **any aspect** of Dr. Prowse's opinions regarding the reasonable royalty for Limelight's asserted 348 Patent (as further addressed below). D.E. 231.

Akamai did not seek summary judgment that Limelight is not entitled to monetary damages (for any or all of Limelight's Asserted Patents) in view of Akamai's challenges to Dr. Prowse's testimony. *See* D.E. 218 (Akamai's Motion for Summary Judgment). Nor did the parties' *Daubert*-related briefing or hearing presentations address (or develop a record regarding) whether summary judgment should be entered against Limelight on the basis that its damages purportedly would be equal to zero dollars.

### 2. The Mere Exclusion Of A Damages Expert Is Insufficient To Grant Summary Judgment Of No Monetary Damages.

The Federal Circuit has unambiguously held that the mere exclusion of a damages

3

expert's opinions does not warrant summary judgment of zero monetary damages for infringement; rather, "a fact finder may award no damages only when the record supports a zero royalty award." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1326-1328 (Fed. Cir. 2014); *see also Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003). Thus, "a judge may only award a zero royalty for infringement if there is no genuine issue of material fact that zero is the only reasonable royalty." *Id.*

In *Dow Chemical Co. v. Mee Industries, Inc.*, the district court struck the patentee's damages expert's opinions (citing *Daubert*) and then held that the plaintiff was not entitled to damages as a matter of law, explaining that:

> So, in my view, [Dow's expert's] opinion is essentially Dow's unilateral belief of what it could charge or what it would like to charge, and so I'm not going to credit [the] opinion with respect to a reasonable royalty; and *since that's the only evidence of damage, then I find that plaintiff has failed to sustain its burden of proving damages*.

341 F.3d 1370 at 1381 (emphasis and alterations in original). On appeal, the Federal Circuit vacated the district court's decision, agreeing with the patentee "that reasonable royalty damages can be awarded even without such [damages expert] testimony; that there is a presumption of damages where infringement has been established; and that there is other evidence in the record, including the evidence supporting [the expert's] excluded opinions, that the district court must consider." *Id*. The Federal Circuit explained that "*expert testimony is not necessary* to the award of damages, but rather 'may [be] received . . . as an aid.'" *Id*. at 1381-82 (emphasis and alterations in original). Moreover, the Court noted the "unequivocal" language of 35 U.S.C. § 284, which required "the district court [to] award damages in an amount no less than a reasonable royalty." *Id*.

In *Apple Inc. v. Motorola, Inc.*, competing mobile phone manufacturers brought patent infringement claims against each other based on multiple asserted patents. 757 F.3d 1286, 1294.

4

Judge Posner (sitting by designation) granted broad *Daubert* motions that struck the opinions of both parties' damages experts. *Id*. at 1313. Both parties then moved for summary judgment that the other party was entitled to zero monetary damages and no injunctive relief for its infringement claims. *Id*. at 1326. Based on the exclusion of both parties' damages experts, Judge Posner granted the motions for summary judgment of no monetary damages and no equitable relief and dismissed all claims with prejudice before trial. *Id*. at 1294.

The Federal Circuit reversed Judge Posner's ruling that the exclusion of expert damages evidence supported summary judgment of zero damages. *Id*. at 1326-1330. Relying on *Dow Chemical* and other decisions, the Federal Circuit explained:

> If a patentee's evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record. . . Indeed, if the record evidence does not fully support either party's royalty estimate, the fact finder must still determine what constitutes a reasonable royalty from the record evidence. . . Thus a fact finder may award no damages **only when the record supports a zero royalty award**.

*Id*. at 1327-28.[4] The Court further explained that a zero royalty award may be appropriate only in "a case **completely lacking any evidence** on which to base a damages award" and the "unlikely" case where evidence demonstrates "that a willing licensor and willing licensee would agree to a zero royalty payment in a hypothetical negotiation where both infringement and validity are assumed." *Id*. at 1328. Notably, the Federal Circuit also noted "that **we know of no case** where we found that the record supported an infringement award of zero royalty." *Id*. at 1328 n.7.

The Seventh Amendment and the precedent regarding its application in patent infringement matters make clear that Limelight's right to try its infringement claims to a jury remains protected at least as long as Limelight continues to seek the legal remedy of monetary damages. *See also MeadWestVaco Co., et al., v Rexam PLC, et al.,* No. 1:10cv511, (E.D. Va.

---

[4] Internal quotations and citations have been omitted throughout unless otherwise noted.

August 31, 2011) (Lee, J.) (following plaintiff's withdrawal of its damages claims, finding that "***because Plaintiffs and Defendants' claims seek only equitable relief***, they do not give rise to an independent right to a jury trial under Federal Circuit precedent.") (emphasis supplied). Under *Apple v. Motorola* and *Dow Chemical*, the mere exclusion of expert testimony is legally insufficient to justify a finding of zero damages on summary judgment. Akamai did not move for summary judgment of no damages for Limelight; nor has any briefing or record been established in this case showing the required "complete[] lack[] [of] any evidence on which to base a damages award" or that Limelight and Akamai, as willing licensor and willing licensee, would have agreed to a zero royalty payment in a hypothetical negotiation for Limelight's patents-in-suit. Accordingly, it would be legal error to deprive Limelight of its right to a jury trial.

### IV.     LIMELIGHT EXPECTS TO PRESENT EVIDENCE AT TRIAL SUPPORTING A FINDING OF MONETARY DAMAGES.

As explained by the Federal Circuit's *Apple v. Motorola* and *Dow Chemical* decisions, patent infringement cases may proceed to trial by jury without expert witness testimony regarding damages. Indeed, multiple courts have found patent infringement damages awards supported by adequate evidence even in the absence of expert testimony. As explained below, these cases demonstrate that fact witness testimony and/or documentary evidence can be sufficient to establish both a reasonable royalty and lost profits.

#### 1.     Expert Testimony Is Not Required To Support A Jury Finding Of Reasonable Royalty Damages.

As explained above, the Federal Circuit's *Apple v. Motorola* and *Dow Chemical* decisions hold that reasonable royalty damages need not be supported by expert testimony. There are numerous examples of patent infringement cases that proceeded to trial without expert testimony on damages, with patentees presenting claims for a reasonable royalty through the testimony of fact witnesses and/or documentary evidence. *See, e.g.*, *Phillip M. Adams & Asocs.,*

6

*LLC v. Winbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 U.S. Dist. LEXIS 95969, *13-15 (D. Utah, Sept. 14, 2010) (allowing non-expert witness inventor and manager of the Plaintiff to testify regarding facts connected to the damages analysis including, among others, "various facts that may also be relevant for the *Georgia-Pacific* factors used to determine damages, such as demand or lost profits, provided a foundation is shown); *Contour Chair Lounge Co. v. True-Fit Chair, Inc.*, 648 F. Supp. 704, 707-708, 718-719 (E.D. Mo. Oct. 14, 1986) (expressly finding that "[n]o expert testimony was offered on what a reasonable royalty in this case would be" but finding based on the terms of a prior employment agreement "that a reasonable royalty for use of the patent-in-suit is $1.00 per unit."); *see also, e.g.*, *Trell v. Marlee Electronics Corp.*, 912 F.2d 1443, 1446 (Fed. Cir. 1990) ("The court may also evaluate evidence of what rate the patentholder itself would have required to grant a license").

    **2.**    **Expert Testimony Is Not Required To Support A Jury Finding Of Lost Profits Damages.**

Similarly, both the Federal Circuit and numerous district courts (including this district) have allowed patentees to present claims for lost profits damages without a damages expert, through fact witness testimony or other evidence. In *Manville Sales Corp. v. Paramount Systems, Inc.*, the Federal Circuit affirmed a district court's award of lost profit damages where the only evidence of the patentee's lost profits was provided by the patentee's sales negotiator "based on his experiences with the same type of jobs prior to [defendant] entering the market, as well as input from the salesmen involved on those contract negotiations." 917 F.2d 544, 556 (Fed. Cir. 1990). The court affirmed the award even though "no supporting documentation was provided to explain the method or basis of estimating the prices for each of the contracts" in the patentee's sale's negotiator's estimated calculations. *Id*. In *Mya Saray LLC v. Al-Amir, Inc.*, a court of this district found that "no expert testimony is necessary here" because the patentee "has submitted

7

evidence of economic damages that does not require expert analysis and [patentee's] evidence is sufficiently concrete" to determine damages. 831 F. Supp. 2d 922, *35-36 (E.D. Va. 2011) (Mag. J. Buchanan). The evidence the court found sufficient to meet the *Panduit* requirements and support lost profits damages was the testimony of patentee's owner and president that demand existed in the relevant time period for patentee's patented product; that sales dropped when defendant began selling the accused infringing product; that there were no acceptable non-infringing substitutes; that patentee would be able to meet increased demand; and that patentee's owner and president had calculated the profit patentee would have made on practicing products that would have been sold during defendant's infringement. *Id.*

Other districts similarly have found fact testimony alone sufficient to support lost profit damages. *See, e.g.*, *GuideTech, Inc. v. Brilliant Instruments, Inc.*, No. C 09-5517 CW, 2014 U.S. Dist. LEXIS 118439, at *19 (N.D. Cal. Aug. 22, 2014) (finding patentee's reliance on testimony from its CEO sufficient to sustain award of lost profits without use of an expert): *Korszun v. Pub. Techs. Multimedia, Inc.*, No. 3-00-cv-327 JCH, 2002 U.S. Dist. LEXIS 18846, at *6-8 (D. Conn. Aug. 30, 2002) (denying defendant's motion for summary judgment of no lost profits damages where patentee had no expert witness and patentee contended that its own fact witness were competent to testify about their own business and lost profits); *Ricoh Elecs. v. Nashua Corp.*, No. 94-163-M, slip op. (attached as **Ex. 1**) at 14 (D.N.H. Sept. 30, 1998) (awarding patentee 88% of its requested lost profits where "plaintiff produced no expert opinion testimony" but "did offer credible fact witnesses with detailed personal knowledge of the major manufacturing, sales, and other costs associated with production and marketing of its [practicing products], as well as other credible and relevant financial and operations data, from which a reasonably fair estimate can be made.").

### 3. Limelight Expects To Present To The Jury Fact And Expert Witness Testimony, Documents, And Other Evidence Sufficient To Support A Finding Of Monetary Damages.

Limelight intends to present the jury with fact witness and documentary evidence supporting its claim for monetary damages. That evidence will include (but not be limited to) at least the following:

- Limelight fact witnesses such as Chief Sales Officer George Vonderhaar, and CEO Robert Lento concerning topics such as the competition between Limelight and Akamai, Limelight's revenues, profit margins, licensing policies, and business lost to Akamai;

- Limelight fact witnesses, such as Vice President of Architecture Jason Hofmann, Vice President of Software Development Jacob Roersma, and third party witnesses such as Limelight founder and inventor Michael Gordon, concerning the value of Limelight's patented inventions to Limelight's business;

- Limelight's technical expert witness Dr. Kevin Almeroth (whose testimony was not challenged by Akamai), concerning topics such as the value of Limelight's patented inventions, their extent of use by Akamai and XO, and *Panduit* factors relevant to lost profits, such as the absence of non-infringing alternatives;

- Akamai fact witnesses such as CEO Tom Leighton, and executives Craig Adams, Craig Conboy, Alan Johnson, Christopher Knox, and David Belson regarding topics such as Akamai's revenue and profit margins from the accused products, the value to Akamai of the patented features, Akamai's extent of use of Limelight's patented inventions, and the customers Akamai has gained from Limelight; and

- XO fact witnesses such as L. Sean Kennedy, regarding topics such as the Internet access and related services XO provides to Akamai, and revenue information about those services.

## V. AKAMAI DID NOT CHALLENGE DR. PROWSE'S OPINIONS REGARDING DAMAGES FOR THE 348 PATENT

Limelight's complaints request monetary damages for Akamai's and XO's infringement of Limelight's 348 Patent. D.E. 1 at ¶¶ 3, 85-98, 138-143, 150; D.E. 28 at ¶¶ 3, 102-118, 164-170, 178. Limelight's damages expert, Dr. Prowse, offered opinions regarding the reasonable royalty the parties would have agreed to for the 348 Patent. ***Akamai did not challenge any aspect of Dr. Prowse's analysis of the 348 Patent***. *Compare* D.E. 276-1 (Prowse Opening Report) at, *e.g.*, ¶¶ 310-315, 342-343, 371-373 and D.E. 276-2 (Prowse Reply Report) at, *e.g.*, ¶¶ 145-166 *with* D.E. 231 (Akamai's Motion). Nor did any part of the parties' *Daubert*-related briefing or hearing presentations address the 348 Patent.

Indeed, there is no basis in the record to exclude Dr. Prowse's testimony and opinions regarding the 348 Patent. Dr. Prowse's opinion regarding the 348 Patent is not based on the Rubinstein model or the overall revenue for the accused products. Rather, it is based on a determination of the cost to Akamai of the alternative Akamai itself identified as the next best non-infringing alternative. D.E. 276-1 at, *e.g.*, ¶¶ 310-315, 342-343, 371-373. Dr. Prowse's opinion regarding the 348 Patent was not addressed in Akamai's motion, the parties' briefing, or at the January 10, 2017 evidentiary hearing. Thus, Limelight expects Dr. Prowse to testify in connection with Limelight's reasonable royalty damages case for Akamai's infringement of the 348 Patent. This provides a further ground establishing that Limelight's claims for legal, monetary relief persist and justify a trial by jury.

## VI. CONCLUSION

For the foregoing reasons, Limelight continues to have triable issues regarding its claims for legal monetary damages and the right to try those issues to a jury as protected by the Seventh Amendment.

10

Date: March 23, 2017                        Respectfully submitted,

/s/        *Natasha M. Saputo*

Maya M. Eckstein (Va. Bar No. 41413)
HUNTON & WILLIAMS LLP
951 Byrd Street
Richmond, Virginia 23219
Telephone:        (804) 788-8788
Facsimile:        (804) 343-4630
Meckstein@hunton.com

Matthew D. Powers (CA Bar No. 104795) (*pro hac vice*)
Paul T. Ehrlich (CA Bar No. 228543) (*pro hac vice*)
Azra Hadzimehmedovic (CA Bar No. 239088) (*pro hac vice*)
William P. Nelson (CA Bar No. 196091) (*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316) (*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084) (*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080) (*pro hac vice*)
Yi Chen (CA Bar No. 295236) (*pro hac vice*)
Sergio Davila (CA Bar No. 302689) (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:        (650) 802-6000
Facsimile:        (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

*Attorneys for Plaintiff and Counterclaim Defendant Limelight Networks, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2017, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/   *Natasha M. Saputo*
         Natasha M. Saputo