**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> XO COMMUNICATIONS, LLC., <br><br> Defendant, <br><br> AKAMAI TECHNOLOGIES, INC. <br><br> Defendant and Counterclaim Plaintiff, <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Counterclaim Plaintiff. | Case No. 3:15-cv-720-JAG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
TO FILE DOCUMENTS UNDER SEAL**

Defendant and Counterclaim Plaintiff Akamai Technologies, Inc. ("Akamai"), by counsel, states as follows in support of its Motion to File Under Seal the documents identified herein pursuant to Local Rule 5.

**BACKGROUND**

In this action, Plaintiff Limelight Networks, Inc. has asserted claims for patent infringement. On December 15 2016, Akamai filed the following documents in this case:

- Exhibits 1 and 5 to Akamai Technologies, Inc.'s Memorandum in Response to the Court's March 13, 2017 Order (Dkt. 420) (the "Confidential Documents").

The Confidential Documents contain information that has been marked and/or identified by the party producing such information as subject to the disclosure restrictions set forth in this Court's Protective Order (Dkt. No. 82), thus obligating Akamai to seek the sealing of such Confidential Documents when they are filed with the Court.

Akamai is filing the Confidential Documents as sealed documents through the Court's ECF system pending the Court's decision on Akamai's Motion.

## ARGUMENT

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Virginia Dep't. of State Police v. The Washington Post*, 386 F.567, 576 (4th Cir. 2004).[1] Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id.* Procedurally, the district court must: (A) provide notice to the public and give the public an opportunity to object to the sealing, (B) consider less drastic alternatives, and (C) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). These prerequisites are satisfied here.

There are two sources for the public's right of access to trial proceedings and materials used in trial proceedings – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a

---

[1] While Federal Circuit law governs substantive issues in patent cases, the law of the Fourth Circuit governs motions to seal. *Level 3 Comm's., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575 (E.D.Va. 2009).

vehicle for improper purposes." *Nixon v. Warner Comm's., Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court … in light of the relevant facts and circumstances of the particular case." *Id.* at 598. In particular, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id.* Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id.*

The First Amendment to the U.S. Constitution also presumes a public right to access to civil trials and some civil filings. *See e.g. ACLU v. Holder*, 2011 U.S. App. LEXIS 6216 at *18 (4th Cir. Mar. 28, 2011). While the common law right of access attaches to all judicial records and documents, however, the First Amendment guarantee of access to civil court proceedings extends only to trial proceedings and to dispositive motions and hearings. *Id.* at 578-79.

Here, Akamai seeks to seal two exhibits that relate to a non-dispositive issue. The first exhibit is a portion of Limelight's responses to interrogatories relating to damages. The second exhibit is a portion of the report from Limelight's expert on damages. Limelight has marked both of the exhibits as containing highly confidential information. Since none of the materials that Akamai seeks to seal involve trial proceedings or dispositive motions or hearings, only the common law right of access to judicial records applies.

### A. Public Notice

Akamai has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the documents that are the subject of this Motion to Seal. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

### B. Less Drastic Alternatives

Akamai requests sealing of the Confidential Documents because they contain information that has been marked and/or identified by the party producing such information as subject to the disclosure restrictions set forth in this Court's Protective Order (Dkt. No. 82).

Sealing the Confidential Documents is necessary to avoid the public disclosure of the confidential information in the Confidential Documents because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the document. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); Fed. R. Civ. P. 26(c)).

### C. Specific Findings

The Confidential Documents, which have been appropriately marked and filed under seal pending the resolution of this Motion, include certain highly sensitive information that the parties have agreed should remain confidential. This confidential information has not been made public.

As recognized by Federal Rule of Civil Procedure 26(c) and case law, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in the Confidential Documents, and there is no competing interest which would justify disclosure of this information.

Given the confidential nature of the Confidential Documents and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. Akamai therefore seeks the sealing of the Confidential Documents pursuant to Local Civil Rule 5.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the Confidential Documents.

AKAMAI TECHNOLOGIES, INC.

By    /s/ Dabney J. Carr, IV
      Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Laura Anne Kuykendall (VSB No. 82318)
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
la.kuykendall@troutmansanders.com

Carlos Perez-Albuerne (*pro hac vice*)
Margaret E. Ives (*pro hac vice*)
Daniel C. Winston (*pro hac vice*)
Eric J. Marandett (*pro hac vice*)
Sophie F. Wang (*pro hac vice*)
Phoebe Fischer-Groban (*pro hac vice*)
Robert Z. Shames (*pro hac vice*)
Vanessa A. Arslanian (*pro hac vice*)
Diane Seol (*pro hac vice*)
**CHOATE, HALL & STEWART LLP**
Two International Place, Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
cperez@choate.com
mives@choate.com
dwinston@choate.com
emarandett@choate.com
swang@choate.com
pfischergroban@choate.com
rshames@choate.com
varslanian@choate.com
dseol@choate.com

William F. Lee (*pro hac vice pending*)
Cynthia D. Vreeland (*pro hac vice*)
Michael J. Summersgill (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526 6000
Facsimile: (617) 526 5000
william.lee@wilmerhale.com
cynthia.vreeland@wilmerhale.com
michael.summersgill@wilmerhale.com
timothy.syrett@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1225 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: 617 526 6000
Facsimile: 617 526 5000
mindy.sooter@wilmerhale.com

Heath A. Brooks (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663 6363
heath.brooks@wilmerhale.com

Matthew J. Hawkinson (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443 5300
Facsimile: (213) 443 5400
matthew.hawkinson@wilmerhale.com

                                      Arthur W. Coviello (*pro hac vice*)
                                      **WILMER CUTLER PICKERING HALE AND DORR LLP**
                                      950 Page Mill Road
                                      Palo Alto, California 94304
                                      Telephone:  (650) 858 6000
                                      Facsimile:  (650) 858 6100
                                      arthur.coviello@wilmerhale.com

*Counsel for Akamai Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Maya Eckstein
HUNTON & WILLIAMS LLP
951 E. Byrd St.
Richmond, Virginia 23219
Facsimile: (804) 343-4630
meckstein@hunton.com

Matthew D. Powers (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
William P. Nelson (*pro hac vice*)
Aaron M. Nathan (*pro hac vice*)
Azra Hadzimehmedovic (*pro hac vice*)
Natasha M. Saputo (Va. Bar. No. 80893)
Robert L. Gerrity (*pro hac vice*)
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
azra@tensegritylawgroup.com
Natasha.saputo@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com

*Counsel for Limelight Networks, Inc.*

/s/
Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
la.kuykendall@troutmansanders.com

*Counsel for Akamai Technologies, Inc.*