# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LIMELIGHT NETWORKS, INC.,

      Plaintiff and Counterclaim
      Defendant,

      v.

XO COMMUNICATIONS, LLC.,

      Defendant,

AKAMAI TECHNOLOGIES, INC.,

      Defendant and Counterclaim
      Plaintiff,

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

      Counterclaim Plaintiff.

Case No. 3:15cv720-JAG

**JURY TRIAL DEMANDED**

## LIMELIGHT NETWORKS, INC.'S OPPOSITION TO AKAMAI TECHNOLOGIES, INC.'S EXPEDITED MOTION TO CONTINUE PENDING *INTER PARTES* REVIEW

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    LEGAL STANDARD ........................................................................................... 3

IV.     AKAMAI'S MOTION TO STAY SHOULD BE DENIED .................................. 4

        A.      Akamai Fails To Establish That Staying the Case Will Streamline Any Issues
                For Trial ..................................................................................................... 4

        B.      Akamai's Delay In Filing Its IPR Petitions And Prejudice To Limelight
                Weigh Against A Stay ................................................................................ 8

                1.      Akamai's Delay In Filing Its IPR Petitions Weighs Against A Stay ......... 8

                2.      Limelight Will Suffer Significant Prejudice If This Case Against Its
                        Direct Competitor Is Stayed .................................................................. 9

        C.      The Advanced Stage Of This Litigation Disfavors A Stay ................................ 12

        D.      No Continuance Is Necessary To Address Remaining Pre-Trial Issues .............. 14

V.      CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*ADA Solutions, Inc. v. Engineered Plastics, Inc.,*
   826 F. Supp. 2d 348 (D. Mass. 2011) ................................................................................ 10

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
   IPR2016-01001 ...................................................................................................................... 5

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
   IPR2017-00358 ...................................................................................................................... 5

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.,*
   Case No. 6:12-CV-1727-ORL-37, 2013 U.S. Dist. LEXIS 67790
   (M.D. Fla. May 13, 2013) ..................................................................................................... 6

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.,*
   No. 10-CV-02863-EJD, 2011 U.S. Dist. LEXIS 82665 (N.D. Cal. July 28, 2011) .............. 10

*CDX Diagnostics, Inc. v. US Endoscopy Grp., Inc.,*
   No. 13-CV-05669 (NSR), 2014 U.S. Dist. LEXIS 84992 (S.D.N.Y. June 20, 2014) ........... 11

*Chrimar Sys. v. Ruckus Wireless, Inc.,*
   No. 16-cv-00186-SI, 2016 U.S. Dist. LEXIS 131681 (N.D. Cal. Sep. 26, 2016) ................. 12

*Cobalt Boats, LLC v. Sea Ray Boats, Inc. et. al,*
   No. 2:15-cv-0021 (E.D. Va. March 20, 2017) ........................................................................ 3

*Continental Automotive Systems, Inc. v. Hamaton Automotive Technology Co. Ltd. et al.,*
   No. 2:16-cv-226 (E.D. Va. Feb. 7, 2017) ........................................................................ 6, 11

*e.Dig. Corp. v. Dropcam, Inc.,*
   No. 14-cv-04922-JST, 2016 U.S. Dist. LEXIS 20609 (N.D. Cal. Feb. 18, 2016) ................ 12

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,*
   No. 15-cv-00011, U.S. Dist. LEXIS 37502 (E.D. Tex. Mar. 23, 2016) ............................... 13

*Finjan, Inc. v. Symantec Corp.,*
   139 F. Supp. 3d 1032 (N.D. Cal. 2015) ............................................................................... 12

*Imation Corp. v. Kingston Tech. Co., Inc.,*
   Case No. 14-cv-1385 (SRN/JJK), D.E. 89 (D. Minn. Nov. 19, 2014) ................................... 6

*Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.,*
   No. 3:15-cv-30005-MGM, 2016 U.S. Dist. LEXIS 56885 (D. Mass. Apr. 28, 2016) .......... 12

*Kerr Corp. v. Ultradent Prods., Inc.*,
   Case No. SACV 14-00236-CJC (ANx), 2014 U.S. Dist. LEXIS 182892
   (C.D. Cal. Nov. 13, 2014)......................................................................................... 3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)................................................................................................. 3

*Motion Games, LLC v. Nintendo Co.*,
   No. 12-cv-878, 2015 U.S. Dist. LEXIS 180358 (E.D. Tex. June 5, 2015) ........... 13

*Otto Bock HealthCare LP v. Össur HF*,
   Case No. SACV 13-00891-CJC(ANx), 2013 U.S. Dist. LEXIS 188428
   (C.D. Cal. Dec. 16, 2013) ......................................................................................... 6

*Patent Asset Licensing, LLC v. Bright House Networks, LLC*,
   No. 3:15-cv-742-J-32MCR, 2016 U.S. Dist. LEXIS 111393 (M.D. Fla. Aug. 22, 2016)...... 12

*Pragmatus Mobile, LLC v. Amazon.Com, Inc.*,
   No. 14-436-LPS, 2015 U.S. Dist. LEXIS 82256 (D. Del. June 17, 2015) .............. 9

*RealD, Inc. v. MasterImage 3D, Inc.*,
   Case No. CV 14-2304-GW (MANx) (C.D. Cal. Oct. 12, 2014) ............................. 6

*Reddy v. Lowe's Cos., Inc.*,
   No. 13-cv-13016, D.E. 198 (D. Mass. Apr. 22, 2016)......................................... 13

*Segin Sys. v. Stewart Title Guar. Co.*,
   30 F. Supp. 3d 476 (E.D. Va. 2014) ..................................................... 3, 4, 6, 10

*SenoRx, Inc. v. Hologic, Inc.*,
   Civ. No. 12-173, 2013 U.S. Dist. LEXIS 8044, 2013 WL 144255
   (D. Del. Jan. 11, 2013)......................................................................................... 10

*Shaw Indus. Grp. v. Automated Creel Sys.*,
   817 F.3d 1293 (Fed. Cir. 2016) ............................................................................. 7

*SSL Servs., LLC v. Cisco Sys.*,
   No. 2:15-cv-433-JRG-RSP, 2016 U.S. Dist. LEXIS 83370 (E.D. Tex. June 27, 2016) ....... 12

*Synopsys, Inc. v. Mentor Graphics Corp.*,
   814 F.3d 1309 (Fed. Cir. 2016) ............................................................................. 7

*Tire Hanger Corp., v. My Car Guy Concierge Services Inc.*,
   Case No. 5:14-cv-00549-ODW(MANx), D.E. 78 (C.D. Cal. June 16, 2015)....................... 14

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*,
   Case No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 162521
   (N.D. Cal. Nov. 13, 2013)....................................................................................... 9

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
  Case No. 13-cv-346-BBC, 2013 U.S. Dist. LEXIS 162459
  (W.D. Wis. Nov. 14, 2013)............................................................................ 6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...................................................... 3

*VirtualAgility Inc. v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................. 3, 11

*Zipshade Indus. (B.V.I.) Corp. v. Lowe's Home Centers*,
  *LLC*, Case No. 2:14-cv-05934-ODW(RZx), D.E. 89 (C.D. Cal. Sept. 18, 2015) ............. 6, 13

**Statutes**

35 U.S.C. § 325.............................................................................................. 5

**Other Authorities**

*A Guide to the Legislative History of the America Invents Act: Part II of II*,
  21 Fed. Cir. B.J. 539, (2012) ...................................................................... 13

## I.     INTRODUCTION

Akamai's motion to stay this proceeding pending several *inter partes* review ("IPR") institution decisions comes both too soon, and too late.  It is too soon because Akamai filed its motion before any decision by the Patent Office as to whether it will even institute a proceeding in connection with three of Limelight's four asserted patents, and ***more than a year*** before any final determination by the Patent Office regarding those patents would issue (if proceedings are instituted at all).  The extent, if any, of potential Patent Trial and Appeal Board ("PTAB") proceedings is speculative at this point. The PTAB may choose not to institute IPR proceedings at all, or to institute them on very narrow grounds, which could not possibly support a stay. And even if the PTAB were to institute proceedings, the limited issues addressed would not be resolved until well after this Court's scheduled trial date.

More fundamentally, Akamai filed its motion too late, since discovery is complete, summary judgment and *Daubert* motions have been resolved, and the case and parties are ready for trial. Akamai's delay in filing its IPR petitions and its Motion, and the prejudice Limelight will suffer if this case against its direct competitor is stayed, further weigh against a stay.  Not one of the ***pertinent factors governing motions to stay*** litigation in favor of IPR proceedings supports Akamai's request under such circumstances.

Finally, Akamai represents to the Court that Limelight did not identify factual evidence to support a claim for damages other than expert opinion.  That assertion is flatly untrue, as the Court can confirm merely by examining the Limelight interrogatory responses concerning damages issues that Akamai attached to its motion.  That interrogatory response identifies the extensive factual evidence categories Limelight will rely upon to establish its damages, including documents and the testimony of percipient witnesses.

Akamai's motion should be denied and this case should go to trial.

## II.     FACTUAL BACKGROUND

This patent infringement action is at an advanced stage.  Limelight filed its claims more than a year ago, in November 2015. D.E. 1. Fact and expert discovery are closed, the Court has ruled on the parties' summary judgment and *Daubert* motions (D.E. 418-420), and the parties made their pretrial disclosures (D.E. 265, 266, 267, 270, 319, 320, 321, 322, 411).   Trial (originally scheduled for January 3, 2017) is set to begin before this Court less than a month from now.

In contrast, the IPR proceedings relied upon by Akamai are in their early stages; the majority of them have not even been instituted (*if* they are instituted at all).  As Akamai's motion concedes, D.E. 430 at 5, 7, the PTAB has instituted review on only one of the four Limelight patents-in-suit. Only Limelight's 324 Patent is under IPR review; no review has been instituted on Limelight's 002, 155, or 348 Patents and, in fact, as Akamai admits, the PTAB ***rejected*** Akamai's first review petition to the 002 Patent.  D.E. 430 at 6.  Akamai filed (on the same rejected grounds) a new IPR petition for the 002 Patent, and filed IPR petitions as to Limelight's 155 and 348 Patents, only a few months ago, at the very end of the one-year statutory window to file IPR petitions.  D.E. 430 at 5 (155 Patent petition filed November 30, 2016; 348 Patent petition filed December 2, 2016).  As a result of Akamai's delay, no decision by the PTAB as to whether it will institute proceedings on Limelight's 155, 002, and 348 Patent is likely to issue until mid-June, well after the trial in this matter concludes.  Even if the PTAB opts to institute proceedings on all three of Akamai's petitions, no final decision from the PTAB as to these three

Limelight patents can be expected before June 2018 – well over a year from now.[1]

## III.    LEGAL STANDARD

While a "district court has inherent power to manage its docket and exercises discretion in deciding whether to stay a civil action pending IPR proceedings," *Cobalt Boats, LLC v. Sea Ray Boats, Inc. et. al,* No. 2:15-cv-0021, slip op. at 4 (E.D. Va. March 20, 2017), "the movants seeking a stay . . . bear the burden of demonstrating that a stay is warranted." *Segin Sys. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 479 (E.D. Va. 2014) (denying stay).  *See also Kerr Corp. v. Ultradent Prods., Inc.*, Case No. SACV 14-00236-CJC (ANx), 2014 U.S. Dist. LEXIS 182892, at *3 (C.D. Cal. Nov. 13, 2014) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 245-55 (1936). "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO proceedings—even if relevant to the infringement claims before the Court." *Id.* (internal citations and quotations omitted).

In exercising this discretion, courts typically analyze three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Cobalt Boats* at 4 (E.D. Va. March 20, 2017).   These factors, however, are not exclusive, and "the Court must make a determination based on the totality of the circumstances." *Id.* (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)).  It is typical for a court to deny a stay request before institution of review proceedings by the PTAB.  *See, e.g, VirtualAgility Inc. v. Salesforce.com,* 759 F.3d 1307, 1315 (Fed. Cir. 2014).  *See also Segin Sys. v. Stewart Title Guar.*

---

[1] Even as to the one Limelight patent for which the PTAB instituted review (the 324 Patent), no final decision from the PTAB will be issued until November 2017 – six months after trial in this matter.

*Co.,* 30 F. Supp. 3d 476, 481 (E.D. Va. 2014) (denying stay: "At this stage, it is difficult to predict the impact of a stay because it is completely unknown whether or not that review will occur.").

## IV.    AKAMAI'S MOTION TO STAY SHOULD BE DENIED

### A.    Akamai Fails To Establish That Staying the Case Will Streamline Any Issues For Trial

Akamai assures the Court that the IPR process will result in all of ***Limelight's*** challenged patent claims being invalidated, but all of ***Akamai's*** challenged patent claims being upheld, thereby purportedly streamlining the issues for trial.  D.E. 430 at 9-11.  These wildly divergent predictions for the same processes, based solely on whose patent is at issue, underscore the profoundly speculative nature of Akamai's argument. Such speculation cannot carry Akamai's burden to show that this factor weighs in favor of a stay.  More fundamentally, the facts weigh ***against*** a stay.

First, the PTAB has not instituted IPR proceedings against three of Limelight's four patents-in-suit; the PTAB has yet to decide whether to do so.  Akamai's speculation that all three petitions will be instituted, on all asserted claims (the PTAB could decide not to institute proceedings at all, or to institute proceedings on just one or some, but not all, asserted claims), and that it will then prevail in the three subsequent proceedings on all of the instituted claims is just that: mere speculation. It provides no basis to conclude that the IPR process will streamline issues for trial.

Akamai presents only attorney argument, not evidence, to support its speculative prediction.  Nor could it do otherwise, since the facts suggest that proceedings will not be instituted.  For example, as Akamai admits, the PTAB already rejected Akamai's original IPR petition on the 002 Patent.  D.E. 430 at 6-7.  Akamai's second attempt at an IPR on the 002

Patent relies on the same primary reference as the first petition (a prior art reference called Dilley) and does little more than repeat the same arguments made in its first, unsuccessful petition. *Compare Akamai Techs., Inc. v. Limelight Networks, Inc.,* IPR2016-01001, Paper 1 (PTAB May 7, 2016) (originally-filed petition for 002 Patent) *with Akamai Techs., Inc. v. Limelight Networks, Inc.,* IPR2017-00358, Paper 1 (PTAB Dec. 2, 2016) (newly-filed petition for 002 patent). The America Invents Act instructs the PTAB that, when deciding whether to institute a proceeding, it should "take into account whether, and ***reject the petition*** or request ***because, the same or substantially the same prior art or arguments previously were presented to the Office***." 35 U.S.C. § 325(d) (emphasis added).

Nor do the PTAB statistics relied on by Akamai demonstrate that its IPR petitions will significantly streamline any issues for trial. Akamai tells the Court that "once an IPR is instituted, 67% of IPRs litigated to a final decision result in the cancellation of all of the challenged claims." D.E. 430 at 9. But that statistic is wholly inapplicable here, considering that the PTAB has not decided whether to institute proceedings on three of Limelight's four patents, and those proceedings may not be instituted at all. Moreover, the same 2017 PTAB statistics show that, historically, proceedings were not instituted by the PTAB on nearly half of all petitions (2069/4345=47.6%). And, as Akamai's statistics show, the percentage of all petitions that result in the institution of proceedings and then result in a final written judgment that cancels all challenged claims ***is just 23%*** (989/4345=22.7%). D.E. 430-1 at 10.

Accordingly, courts (including courts of this district) have routinely held that the mere filing of an IPR petition fails to satisfy the "issue simplification" prong of the stay analysis. The "stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.,*

Case No. 6:12-CV-1727-ORL-37, 2013 U.S. Dist. LEXIS 67790, at *7 (M.D. Fla. May 13, 2013). *See also Segin Sys. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 481 (E.D. Va. 2014) (Denying stay: "At this stage, it is difficult to predict the impact of a stay because it is completely unknown whether or not that review will occur."); *Continental Automotive Systems, Inc. v. Hamaton Automotive Technology Co. Ltd. et al.,* No. 2:16-cv-226, slip. Op. at 5 (E.D. Va. Feb. 7, 2017) (Denying stay: "At this stage, the Court cannot predict the impact of a stay because it is unknown whether PTAB will institute post grant review. Similarly, it is unclear whether PTAB will conclude that 'it is more likely than not that at least one of the claims challenged in the petition is unpatentable'—a finding PTAB must make before deciding to grant review."); *Otto Bock HealthCare LP v. Össur HF*, Case No. SACV 13-00891-CJC(ANx), 2013 U.S. Dist. LEXIS 188428, at *3, (C.D. Cal. Dec. 16, 2013); *Zipshade Indus. (B.V.I.) Corp. v. Lowe's Home Centers, LLC*, Case No. 2:14-cv-05934-ODW(RZx), D.E. 89, at *3 (C.D. Cal. Sept. 18, 2015); *Imation Corp. v. Kingston Tech. Co., Inc.*, Case No. 14-cv-1385 (SRN/JJK), D.E. 37 (D. Minn. Nov. 19, 2014) (Minute Order denying request to stay patent suit prior to IPR institution); *RealD, Inc. v. MasterImage 3D, Inc.*, Case No. CV 14-2304-GW (MANx), 2014 U.S. Dist. LEXIS 182891, at *4 (C.D. Cal. Oct. 12, 2014) ("[T]he Court will not stay this action based on the mere filing of petitions for *inter partes* review."); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, Case No. 13-cv-346-BBC, 2013 U.S. Dist. LEXIS 162459, at *9 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the nine patents adds an additional layer of doubt whether the *inter partes* review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court.").

The cases relied on by Akamai staying litigation based on the mere filing of IPR petitions are readily distinguishable, as those cases concerned matters in their infancy, where little or no

discovery had occurred and trial was many months or years away.  Here, fact and expert discovery is closed, summary judgment and *Daubert* motions have been filed and resolved, and the parties are less than one month from trial. Institution decisions on three of Limelight's four patents have not even issued.  Notably, Akamai has not cited any decision staying litigation based on the mere filing of IPR petitions where the litigation was this far along.  Akamai waited nearly a year before seeking IPR review, in a docket known for speed to trial; it must live with the consequences of its belated decision.

Nor is there any merit to Akamai's statement that, "regardless of the ultimate outcome of the IPRs, the scope of the case is likely to be significantly narrowed because, following final written decisions in the IPRs, the petitioning parties 'may not assert' that any surviving claims are 'invalid on any ground that the petitioner raised or reasonably could have raised during [the IPRs].'"  D.E. 430 at 10.  In fact, if the PTAB institutes a proceeding on a patent based on some, but not all, grounds advanced in a petition, the petitioning party is not precluded from raising in the district court the grounds not elected for review by the PTAB. *See, e.g., Shaw Indus. Grp. v. Automated Creel Sys.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) ("The IPR does not begin until it is instituted . . . [t]hus Shaw did not raise—nor could it have reasonably raised—the [denied] ground *during* the IPR."); *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) ("The validity of claims for which the Board did not institute inter partes review can still be litigated in district court"). Thus, Akamai's issue simplification arguments based upon estoppel are overstated and do not support a stay.

Moreover, Akamai has asserted here arguments to invalidate Limelight's patents that it did not raise before the PTAB. Thus, even if Limelight's patents fully survive the IPR process, Akamai still intends to assert here that those very same patents are invalid. For example, Akamai

contends that certain computer systems deployed by Akamai constitute a "prior use" that either invalidates, or shows noninfringement of, Limelight's patents.   Akamai did not raise that argument in any IPR before the PTAB. As a result, even if Limelight's patents survive the IPR process – as Limelight believes they will – Akamai will insist on presenting an invalidity defense here to those same patents. Thus, the IPRs would do little to simplify the issues in the case.

**B.     Akamai's Delay In Filing Its IPR Petitions And Prejudice To Limelight Weigh Against A Stay**

Akamai's unexplained delays in filing its IPR petitions, and in filing its stay motion, both weigh against a stay. And despite Akamai's assertions to the contrary, Limelight will suffer significant prejudice if this case is stayed.

**1.     Akamai's Delay In Filing Its IPR Petitions Weighs Against A Stay**

Akamai should not be rewarded with a stay of trial for its failure to promptly file its IPR petitions.  Akamai does not even attempt to explain why it waited until late November and early December 2016 – nearly a full year after Limelight's Complaint was filed (D.E. 1), and only one month before the original January 2017 trial date – to file three of the four IPR petitions that are the basis of its motion.

Akamai has no excuse for such a delay.  Pursuant to the Court's Scheduling Order, Akamai disclosed its invalidity contentions to Limelight on June 8, 2016 (D.E. 55), fully six months before Akamai filed its last IPR petitions.  Moreover, those June 2016 contentions identified (with claim charts) each of the primary references Akamai later relied upon in its belated IPR filings.  *See* Exs. 1 (6/8/2016 155 Patent Invalidity Chart (charting Devanneaux reference relied on in IPR petition)), 2 (6/8/2016 348 Patent Invalidity Chart (charting Holland reference relied on in IPR petition)), 3 (6/8/2016 002 Patent Invalidity Chart (charting Dilley reference relied on in IPR petition)).  Akamai's delay, despite knowing of the prior art it later

sought to use in an IPR, weighs heavily against a stay.  *See TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, Case No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 162521, at *14 (N.D. Cal. Nov. 13, 2013) ("Because of the delay that may accrue by virtue of the PTO instituting an IPR trial on a patent-in-suit, this Court expects defendants to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them.").

Nor is there any excuse for Akamai's additional four-month delay between filing its IPR petitions in early December 2016, and filing its stay motion at the end of March 2017.  There is nothing Akamai knows now concerning patent validity that it did not know four months ago, and there is no reason this motion could not have been filed then.  What has changed is that Akamai apparently now sees an opportunity to place Limelight at a tactical disadvantage through a belated stay motion.  Courts have not hesitated to deny stay motions in the face of such delay for the purpose of gaining improper tactical advantage.  *See, e.g., Pragmatus Mobile, LLC v. Amazon.Com, Inc.,* No. 14-436-LPS, 2015 U.S. Dist. LEXIS 82256, at *3 (D. Del. June 17, 2015) (Denying stay: "The timing of Moving Defendants' filing suggests they may be seeking a tactical advantage, given they were aware of the prior art asserted in their IPR petition many months before filing the petition just three days before the statutory deadline.").

### 2.    Limelight Will Suffer Significant Prejudice If This Case Against Its Direct Competitor Is Stayed

It is undisputed that Limelight and Akamai are direct competitors in the Content Delivery Network technology area covered by the patents-in-suit.  Courts weighing a stay motion have not hesitated to find undue prejudice (and deny stay motions) where the parties were direct competitors litigating over patents relevant to their competition.  "The rationale for finding undue prejudice where parties are direct competitors is that the delay resulting from a stay 'will have outsized consequences to the party asserting infringement has occurred, including the

potential for loss of market share and an erosion of goodwill.'" *Segin Sys. v. Stewart Title Guar. Co.,* 30 F. Supp. 3d 476, 484 (E.D. Va. 2014) (finding prejudice would result from a stay, and denying motion for stay, where parties were direct competitors) (quoting *SenoRx, Inc. v. Hologic, Inc.,* Civ. No. 12-173, 2013 U.S. Dist. LEXIS 8044, 2013 WL 144255 at *5 (D. Del. Jan. 11, 2013)).  *See also Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.,* No. 10-CV-02863-EJD, 2011 U.S. Dist. LEXIS 82665, at *16 (N.D. Cal. July 28, 2011) (Denying stay: "Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.  Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude.") (internal citations omitted); *ADA Solutions, Inc. v. Engineered Plastics, Inc.,* 826 F. Supp. 2d 348, 351 (D. Mass. 2011) (Denying stay: "prejudice [to the patentee] is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant.").

A stay in this matter – after the close of fact and expert discovery, the resolution of summary judgment and *Daubert* motions, and just one month before trial – would undoubtedly have "outsized consequences" for Limelight, and subject it to undue prejudice in its attempt to stop its much larger competitor from infringing on its patented technology.  Limelight filed suit in this court precisely because of its reputation for bringing patent disputes to trial promptly. Limelight did so seeking to expeditiously put an end to its competitor's infringement before it further harms Limelight's business.  Promptly obtaining the permanent injunction that Limelight seeks is critical to Limelight's ability to put an end to Akamai's use of its technology.  Akamai has sought to delay that result at every turn, including seeking to transfer venue to a different court, and now belatedly seeking a stay.  Limelight's demonstrated need for, and efforts to obtain,

"an expeditious resolution of its claim" further weigh against a stay of this action. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

Nor does Limelight's failure to seek a preliminary injunction demonstrate the absence of undue prejudice to Limelight from a stay, as Akamai suggests.  D.E. 430 at 13.  There is no such bright line rule; as the Federal Circuit noted in *VirtualAgility*, "there could be a variety of reasons that a patentee does not move for a preliminary injunction." 759 F. 3d at 1319.  *See also CDX Diagnostics, Inc. v. US Endoscopy Grp., Inc.,* No. 13-CV-05669 (NSR), 2014 U.S. Dist. LEXIS 84992, at *14-15 (S.D.N.Y. June 20, 2014) (Denying stay:  "Although Defendants argue that the failure of Plaintiff to seek a preliminary injunction is an indication that the stay should be granted, this Court instead sides with the Northern District of California when it stated that on a 'motion to stay, the Court will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction].'").  Here, as discussed above, Limelight brought this action in this District because patent matters routinely are tried rapidly, often within a year. Indeed, this matter originally was set for trial 13 months after it was filed.  Given the speed of this docket, courts of this district have found that "a motion for injunctive relief was not necessary" to demonstrate undue prejudice, since "no motion for preliminary injunction could have significantly accelerated Defendants' departure from the market." *Continental Automotive Systems, Inc. v. Hamaton Automotive Technology Co. Ltd. et al.,* No. 2:16-cv-226, slip. Op. at 9 (E.D. Va. Feb. 7, 2017).[2]  Accordingly, this factor weighs against

---

[2] There is also no merit to Akamai's argument that Limelight somehow delayed filing suit and, thus, cannot show prejudice from a stay.  D.E. 430 at 12.  Akamai cites no evidence to support this assertion, for there is none; Limelight brought suit promptly after it determined Akamai infringed its patents.  Similarly meritless is Akamai's argument that Limelight would not be unduly prejudiced by a stay because the stay would similarly affect Akamai's efforts to enforce its patents. D.E. 430 at 14.  That Akamai has determined that *it* will not suffer prejudice from a stay says nothing about the prejudice that ***Limelight*** will suffer.

Akamai's requested stay.

### C.    The Advanced Stage Of This Litigation Disfavors A Stay

Akamai inexplicably contends that the late stage of this case somehow favors a stay, despite the fact that fact and expert discovery is closed, that summary judgment and *Daubert* motions have been resolved, and that trial is now less than one month away. D.E. 430 at 15. Tellingly, the only cases Akamai cites in support of its argument that a stay is appropriate because "this case has been pending for only a little more than a year" are those that advanced far more slowly than this one. *Id.*  This case is much closer to trial than any case relied upon by Akamai.  *See, e.g., Chrimar Sys. v. Ruckus Wireless, Inc.,* No. 16-cv-00186-SI, 2016 U.S. Dist. LEXIS 131681, at *11 (N.D. Cal. Sep. 26, 2016) (stay granted where the "Court has not set deadlines for fact or expert discovery, nor has it set a trial date")*; Patent Asset Licensing, LLC v. Bright House Networks, LLC,* No. 3:15-cv-742-J-32MCR, 2016 U.S. Dist. LEXIS 111393, at *6 (M.D. Fla. Aug. 22, 2016) (stay granted five months before claim construction hearing); *SSL Servs., LLC v. Cisco Sys.,* No. 2:15-cv-433-JRG-RSP, 2016 U.S. Dist. LEXIS 83370, at *5 (E.D. Tex. June 27, 2016) (stay granted where "expert discovery is ongoing and the deadline to file dispositive motions and motions to strike has not yet passed"); *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.,* No. 3:15-cv-30005-MGM, 2016 U.S. Dist. LEXIS 56885, at *7 (D. Mass. Apr. 28, 2016) (stay granted where "discovery has just begun, no Markman hearing has been held, no claim construction pleadings have been filed or considered by the court, and no trial date has been set."); *e.Dig. Corp. v. Dropcam, Inc.,* No. 14-cv-04922-JST, 2016 U.S. Dist. LEXIS 20609, at *7 (N.D. Cal. Feb. 18, 2016) (stay granted where trial was "nearly a year away"); *Finjan, Inc. v. Symantec Corp.,* 139 F. Supp. 3d 1032, 1034 (N.D. Cal. 2015) (granting stay where "no depositions have been taken and no deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial have been set").

Similarly, the cases relied upon by Akamai, in which a stay was granted at a late stage of the proceedings, were not from this District (which typically proceeds to trial much faster than other districts), and did not involve IPR petitions that had not yet even been instituted. *See, e.g., Reddy v. Lowe's Cos., Inc.,* No. 13-cv-13016 (D. Mass. Apr. 22, 2016) (D.E. 198) (granting stay in late-stage case *following final written decision of invalidity from PTAB*)**;** *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.,* No. 15-cv-00011, 2016 U.S. Dist. LEXIS 37502, at *13-14 (E.D. Tex. Mar. 23, 2016) (granting stay *following institution decision* on 17 IPR petitions); *Motion Games, LLC v. Nintendo Co.,* No. 12-cv-878, 2015 U.S. Dist. LEXIS 180358, at *8 (E.D. Tex. June 5, 2015) (granting stay in late-stage case *following final written decision of invalidity from PTAB*).

There can be no meaningful dispute that this litigation is at an advanced stage that weighs heavily against a stay, especially given the premature state of the IPR petitions.  In enacting the AIA, Congress addressed concerns that a typical litigation cycle took two to three years to reach a conclusion as to a patent's validity. *See* Joe Matal, *A Guide to the Legislative History of the America Invents Act: Part II of II*, 21 Fed. Cir. B.J. 539, 601 (2012). That concern is not present here. If Akamai wanted to take advantage of timely and efficient adjudication at the PTAB, it should have (and could have) filed its IPR petitions much sooner. The most efficient use of time and resources is ***not*** to extend this litigation indefinitely based on speculation, but to resolve every issue by the scheduled trial date, more than a year before any PTAB final written decision could possibly issue for most of Limelight's patents. *See Zipshade*, Case No. 2:14-cv-05934-ODW (RZx), D.E. 89, at *3 ("The court can adjudicate Zipshade's claims long before the completion of any PTAB review, assuming the PTAB even choses to institute the new petition.");

*Tire Hanger Corp., v. My Car Guy Concierge Services Inc.*, Case No. 5:14-cv-00549-ODW(MANx), D.E. 78, at *2 (C.D. Cal. June 16, 2015) ("this case can still go to trial by the end of the year, resolving all of Plaintiff's claims well before the PTAB makes a final determination") (lifting stay after PTAB instituted an IPR on only one of two patents in suit).

**D.      No Continuance Is Necessary To Address Remaining Pre-Trial Issues**

Finally, there is no merit to Akamai's argument that a continuance is necessary to "give the Court and the parties additional time to address a number of remaining pre-trial issues." D.E. 430 at 16.

First, Akamai repeats its incorrect representation that "Limelight disclosed no damages theory or calculation of damages either in its Rule 26 disclosures or in its interrogatory responses." D.E. 430 at 16-17. *See also* D.E. 423 (alleging that Limelight's interrogatory response failed to "disclose[] any methods of proving or calculating damages beyond citing to the then-forthcoming expert reports."). In fact, Limelight's actual interrogatory responses, attached as an exhibit to Akamai's jury trial brief, flatly contradict Akamai's representation to the Court. D.E. 427-0 at 45-57. As shown therein, Limelight's interrogatory response: (a) identifies that Limelight seeks both reasonable royalty damages and lost profits, as well as prejudgment and postjudgment interest and attorneys' fees and costs; (b) identifies hundreds of documents produced by Akamai and Limelight which support Limelight's damages claims, and will assist the jury in making its damages determination; and (c) identifies Limelight and Akamai witnesses whose testimony will provide the foundation for the jury to determine Limelight's damages, including Akamai employees and executives Alan Johnson, Neil Cohen, David Belson, Josh Matt, Christopher Knox, Cheng Jin, Brian Mancuso, Craig Conboy, Nicholas Brookins, and F. Thomas Leighton, and Limelight employees George Vonderhaar, Daniel Boncel, and Nigel Burmeister. *Id.* In any event, Akamai's argument is mooted by the fact that the parties agreed

on a briefing schedule for additional motions *in limine* on this issue that will be completed well before trial, and filed today a joint motion to that effect. D.E. 431.

Second, the pretrial conference is already set in this matter for April 18, and briefing is already completed on Akamai's motion *in limine* concerning the 002 Patent. Tellingly, Akamai has now raised a request for additional claim construction proceedings, in a transparent attempt to manufacture a basis to delay the speedy trial Limelight seeks. Such additional proceedings are unnecessary, as Akamai's motion *in limine* has been pending for months now and should be denied. No additional stay should be necessary to accommodate these issues.

## V.    CONCLUSION

For the reasons stated above, Limelight respectfully requests that Akamai's motion be denied.

Date: April 3, 2017                                Respectfully submitted,

                                                   /s/      *Natasha Saputo*

                                                   Maya M. Eckstein (Va. Bar No. 41413)
                                                   HUNTON & WILLIAMS LLP
                                                   951 Byrd Street
                                                   Richmond, Virginia 23219
                                                   Telephone:    (804) 788-8788
                                                   Facsimile:    (804) 343-4630
                                                   Meckstein@hunton.com

                                                   Matthew D. Powers (CA Bar No. 104795)
                                                   (*pro hac vice*)
                                                   Paul T. Ehrlich (CA Bar No. 228543)
                                                   (*pro hac vice*)
                                                   Azra Hadzimehmedovic (CA Bar No. 239088)
                                                   (*pro hac vice*)
                                                   William P. Nelson (CA Bar No. 196091)
                                                   (*pro hac vice*)
                                                   Aaron M. Nathan (CA Bar. No. 251316)
                                                   (*pro hac vice*)

15

Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Lital Leichtag-Fuks (CA Bar No. 295080)
(*pro hac vice*)
Yi Chen (CA Bar No. 295236)
(*pro hac vice*)
Jae Shin (CA Bar No. 294599)
(*pro hac vice*)
Sergio Davila (CA Bar No. 302689)
(*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:      (650) 802-6000
Facsimile:      (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
jae.shin@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

*Attorneys for Plaintiff and Counterclaim
Defendant Limelight Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of April, 2017, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/      *Natasha Saputo*
Natasha Saputo