**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., | Case No. 3:15cv720-JAG |
| Plaintiff and Counterclaim Defendant, | |
| v. | **JURY TRIAL DEMANDED** |
| XO COMMUNICATIONS, LLC., | |
| Defendant, | |
| AKAMAI TECHNOLOGIES, INC., | |
| Defendant and Counterclaim Plaintiff, | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | |
| Counterclaim Plaintiff. | |

**LIMELIGHT NETWORKS, INC.'S OPPOSITION TO DEFENDANT
AKAMAI TECHNOLOGIES, INC.'S SUPPLEMENTAL MOTIONS IN LIMINE NOS.
10-11 (D.E. 457)**

## I.  AKAMAI'S MIL 10 SEEKING TO EXCLUDE ALL EVIDENCE OF DAMAGES SHOULD BE DENIED

Akamai's motion *in limine* to preclude Limelight from presenting any evidence at all of its damages from Akamai's continuing patent infringement has no support in the law or in the facts.  Not one of the arguments offered by Akamai overcomes the Federal Circuit's unambiguous affirmation of the principle that, even where expert damages testimony has been excluded, "reasonable royalty damages can be awarded even without such [damages expert] testimony; that there is a presumption of damages where infringement has been established;" and that where ***"there is other evidence in the record, including the evidence supporting [the expert's] excluded opinions,"*** the "district court must consider" that evidence. *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003).  *See also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1328 (Fed. Cir. 2014) ("a fact finder may award no damages only when ***the record*** supports a zero royalty award").

Here, the factual record contains ample other evidence to support a damages award beyond the excluded expert opinion regarding the amount of damages, including: the documents and witness testimony identified in Limelight's September 8, 2016 response to Akamai's damages interrogatory (D.E. 423-1); the testimony of technical experts concerning the importance and extent of use of the patented inventions; and the non-challenged opinions (and their bases) of Limelight's damages expert concerning, for example, the application of the *Georgia-Pacific* factors to the case.

Rather than accept the Federal Circuit precedent on this question, Akamai now contends that this extensive factual evidence, disclosed by Limelight to Akamai long ago, should be excluded as a sanction under Rule 37(c) because Limelight purportedly failed to disclose it in a manner that Akamai contends is required.  Akamai's Brief (D.E. 459) at 1-4.  None of the cases

relied upon by Akamai support its request to exclude all evidence of Limelight's damages.  In *ePlus, Inc. v. Lawson Software, Inc.,* the Federal Circuit upheld the district court's refusal to permit the patent holder to "***disclose an alternate royalty rate*** that could otherwise support its claim for monetary damages" because the defendant had not been provided with "adequate notice" of that theory, and found on that basis that "allowing [plaintiff] to supplement the record on the eve of trial would cause disruption in the proceedings and undue prejudice."  *ePlus, Inc. v. Lawson Software, Inc.,* 700 F.3d 509, 515 (Fed. Cir. 2012).

The facts could not be more different here.  Limelight does not seek to introduce a new, ***alternate*** royalty rate, or new evidence of one.  Rather, it intends to present the factual evidence of damages, already in the record, that the jury may use to determine the appropriate royalty to Limelight for Akamai's infringement. Akamai has been on notice for months of this evidence it now seeks to exclude, given the service of Limelight's supplemental interrogatory response detailing its damages evidence on September 8, 2016.  D.E. 423-1.  Moreover, at Akamai's insistence through its stay motion (D.E. 429), this case is not on the eve of trial. Given the Court's grant of Akamai's requested continuance through at least June 2017, trial is months away.   None of the considerations that drove the district court's concern in *ePlus* about disclosing a new damages theory shortly before trial are present here.

In *MicroStrategy Inc. v. Bus. Objects, S.A.,* also relied on by Akamai, defendant "served an interrogatory on [plaintiff] that required [plaintiff] to identify its damages theories and the factual basis and methodology for its calculations. At trial, [plaintiff] ***sought to introduce evidence of damages not disclosed in response to that interrogatory***. Therefore, the district court excluded the evidence under Rule 37(c)(1) of the Federal Rules of Civil Procedure." *MicroStrategy Inc. v. Bus. Objects, S.A.,* 429 F.3d 1344, 1356 (Fed. Cir. 2005).  *Microstrategy*

cannot help Akamai at all, because Limelight intends to use the evidence of damages it *did* previously disclose, both in its interrogatory and in its expert reports. *See, e.g., Dow Chem.,* 341 F.3d at 1381 (Fed. Cir. 2003) (affirming that *"the evidence supporting [the expert's] excluded opinions"* could support jury's award of damages, even where expert's damages calculation based on that evidence had been excluded).

Nor is there any merit to Akamai's reliance on a single decision from another district court to argue that, because Limelight did not provide a separate computation of its damages in its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Limelight should be barred from presenting any damages evidence. *See Veritas Operating Corp. v. Microsoft Corp.,* No. 2:06-cv-00703-JCC, 2008 U.S. Dist. LEXIS 35627, at *77 (W.D. Wash. Jan. 17, 2008). First, the defendant in *Veritas* never stipulated that the parties need not comply with Rule 26's "computation of damages" but on the contrary, it actively pursued compliance with that provision. *See id.* at *24-*78 (detailing efforts to obtain a reasonable royalty calculation). Rule 26(a)(1)(A)(iii) states that, "except as exempted by Rule 26(a)(1)(B) or *as otherwise stipulated* or ordered by the court, a party must, . . . provide to the other parties . . .a computation of each category of damages claimed by the disclosing party." Here, Akamai indisputably implicitly stipulated that a separate computation of the damages by the parties was not required, either as part of the initial disclosures or in interrogatory responses. Akamai did not provide any such computation of damages for its patents in its own initial disclosures, either when first served, or at any point in the case. When Akamai originally served its initial disclosures in March 2016, its Rule 26 Computation of Damages stated only that "Akamai will supplement this disclosure in accordance with Federal Rule of Civil Procedure 26 *to the extent necessary* and at the appropriate time." Ex. 1 (3/14/16 Initial Disclosures) (emphasis supplied). Akamai served

amended initial disclosures on September 1, 2016, at the close of fact discovery and just three weeks before the service of expert reports. Ex. 2 (9/1/16 Amended Initial Disclosures). Akamai's amended disclosures demonstrated its understanding that, in this case, **_"to the extent necessary"_** meant no computation was required to be presented, because its amended disclosures stated only that "Akamai's computation of damages will be based on documents that have been and/or will be produced in this case and on expert testimony that will be disclosed pursuant to the Court's Scheduling Order." _Id._ at 7.   Akamai also never sought a supplementation of Limelight's initial disclosures to include a specific computation of damages.

Through its conduct of discovery in this case, including in its discovery responses, Akamai again stipulated that the parties need not present damages computations outside of expert reports. Akamai complains that Limelight's response to its damages interrogatory presents no damages computation, and tells the Court that Limelight's response, which identifies the evidence Limelight contends supports the award of a reasonable royalty and lost profits, merits the sanction of exclusion.  But Akamai has not told the Court that Akamai's own interrogatory response concerning damages for the Akamai patents, **_served the same week as Limelight's purportedly deficient response_**, adopts precisely the same approach it contends it never agreed to. Ex. 3 (Akamai's 9/2/16 First Supplemental Response to Limelight Interrogatory No. 21).  When asked by Limelight to explain its damages, Akamai objected that the information sought "is related to opinion testimony or to expert discovery," and stated that "Akamai is entitled to at least a reasonable royalty determined in accordance with hypothetical negotiations occurring subject to the factors set forth in _Georgia-Pacific Corp. v. United States Plywood Corp._, 318 F. Supp. 1116 (S.D.N.Y. 1970)" – exactly as Limelight stated.  Akamai then identified, pursuant to Fed. R. Civ. P. 33(d), a handful of documents it described as "**_exemplary_** documents that **_may_** be

relevant to a determination of [] Akamai's damages." *Id.* at 12-13.  Akamai's interrogatory response (a response it undoubtedly contends is sufficient under the Federal and Local Rules) thereby discloses far less information about its damages theories than Limelight's interrogatory response.  Akamai also fails to tell the Court that the parties' damages interrogatory responses were subject to extensive meet and confer conferences, and not once did Akamai mention, let alone require, that a specific damages number be included in the parties' responses.  In fact, it was Limelight who had to insist, and Akamai who kept refusing, that Akamai provide **_any_** response to the damages interrogatory.  As such, Akamai should not be heard to state that it did not stipulate that the parties need not disclose damages computations prior to the service of expert reports, and that identification of witnesses and documents was sufficient.

Moreover, even if the parties had not agreed that their initial disclosures and discovery responses need not present a computation of damages, there is no basis for the Rule 37(c) sanction of exclusion that Akamai seeks.  Fourth Circuit law provides "two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is 'substantially justified,' and (2) when the nondisclosure is 'harmless.'"  *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003).  The *Southern States* court articulated a five factor test to determine whether nondisclosure of evidence is substantially justified or harmless (and thus does not warrant exclusion): "'(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *Id.*

None of these factors warrants exclusion of Limelight's damages evidence.  First, the factual evidence in question is no surprise at all to Akamai, since Akamai has known of the factual bases for Limelight's damages claim at least since September 2016, when Limelight identified it in its interrogatory responses and its expert reports.  Nor, given the lack of surprise, is any cure necessary.  Next, permitting the evidence to be presented at trial would not disrupt the trial.  At Akamai's request, trial has been delayed for several months; Akamai will have no difficulties preparing any new defenses it may wish to prepare in response to this evidence.  As described above, Limelight's explanation was straightforward: both parties proceeded under the same assumption that disclosure would not be required, as evidenced in both parties' disclosures and discovery responses.  Finally, there can be no dispute regarding the importance of the evidence Akamai seeks to exclude. Akamai seeks to avoid paying any damages for its widespread and ongoing infringement of Limelight's patents.   Presentation of Limelight's damages evidence is critical to its ability to obtain the compensation for Akamai's infringement to which it is entitled by law.  35 U.S.C. § 284.

Finally, Akamai's attempt to deprive Limelight of damages for Akamai's long-running and continued infringement is entirely at odds with Akamai's cavalier approach to its own obligations under the rules in this litigation.  As documented in Limelight's Motion to Strike (D.E. 244) and Motion for Summary Judgment (D.E. 225), Akamai has consistently disregarded the Court's rules regarding the timing and content of required disclosures, including: relying in its expert reports on non-infringing alternatives never disclosed in response to Limelight's interrogatory asking that they be identified (D.E. 245 at 6-10); relying in its expert reports on documents regarding extent of use of the infringing products that were not produced before the close of fact discovery (D.E. 245 at 13-17); relying on unproduced documents to support its

purported prior use defense (D.E. 245 at 17-22); identifying after the close of fact discovery a new conception date for its 088 Patent that was never previously disclosed to Limelight, including in response to Limelight's interrogatory asking for those dates (D.E. 245 at 25-27); and relying on prior art concerning Limelight's 577 Patent not disclosed Akamai's court-ordered invalidity contentions, and disclosed to Limelight only three days before opening expert reports were exchanged. (D.E. 226 at 28-30).  The Court has declined to sanction Akamai for any of these abuses, and it would be contrary to this Court's approach to the case so far to exclude Limelight's proof of damages – information which was timely and properly disclosed.[1] Akamai's motion should be denied.

## II.    AKAMAI'S MIL 11 TO EXCLUDE EVIDENCE REGARDING TRIABLE ISSUES OF FACT SHOULD BE DENIED

In an attempt to obtain through a motion *in limine* what it could not obtain through summary judgment, Akamai's MIL 11 seeks sweeping exclusions of evidence concerning issues that the Court's summary judgment opinion unambiguously describes as matters for the jury. Akamai's MIL should be denied.

### A.    Akamai's MIL to exclude testimony or argument that the asserted claims of the 155 Patent do not cover systems that "operate only on a connection-by-connection basis" should be denied.

Akamai's MIL improperly seeks to extend to Limelight's 155 Patent a result it did not obtain in summary judgment.  In the Court's summary judgment opinion, the Court clarified that its claim construction ruling as to the term "protocol attribute selector" in the ***324 Patent*** refers to a system "that can, in some embodiments, operate only on a connection-by-connection basis –

---

[1] Indeed, even if the Court were to determine that formal supplementation of initial disclosures or discovery responses were necessary, no prejudice could result to Akamai from such supplementation, given that it has asked for, and obtained, a delay in the trial date. And Fed. R. Civ. P. 33(a)(2) explicitly authorizes the Court to permit supplementation of contention interrogatories after the close of discovery, including "until a pretrial conference or some other time."

even if, in other embodiments, it can receive multiple requests over one connection." D.E. 419 at

5-6.  While Limelight respectfully disagrees with this construction, it understands the Court's

ruling and will not advance at trial a different construction of that term.

Akamai now seeks to use that construction as a basis to exclude evidence about what is

covered by the claims of a ***different patent*** – Limelight's ***155 Patent*** – in connection with claims

that do not use the disputed term "protocol attribute selector" at all.  Instead, the 155 Patent

claims a "data source . . . configured to monitor a first connection for a request."  In keeping with

the claim's use of the word ***"monitor,"*** which signifies ongoing surveillance, the Court's Claim

Construction Order construed this term as "the data source is configured to ***monitor*** a first

connection ***for one or more requests***," because (as the Court found), the "system contemplates

the ability to receive ***multiple requests*** over one connection."  D.E. 179 at 4-5 (emphasis

supplied).  The Court's summary judgment opinion (and the parties' briefing) does not address

this construction at all. Nor does that opinion, or the Court's original construction, provide a

basis to exclude testimony or argument regarding whether a given prior art system that operates

only on a connection-by-connection basis meets the "monitor" element of the 155 Patent.  That is

for a jury to decide, and Akamai's MIL should be denied, at least with respect to the 155 Patent.

**B.      Akamai's MIL to exclude testimony or argument that Limelight does not
         infringe the 959 Patent should be denied.**

Akamai inexplicably contends that the Court's denial of Limelight's motion for summary

judgment of non-infringement of the 959 Patent means that "Limelight should be precluded at

trial from arguing that its system does not infringe the '959 patent because it operates a top-level

and a low-level domain name service on only one device (*i.e.*, one server)." D.E. 459 at 8.  But

the Court's ruling did not find as a matter of law that Limelight's system infringes the 959 Patent.

To the contrary, the Court found only that Limelight had "failed to show undisputed facts" that

would entitle it to summary judgment of ***non-infringement***.  D.E. 419 at 10.  In keeping with this ruling, the Court explicitly held that "***a jury*** must determine, among other issues, whether the Loris system constitutes a domain name service and whether it operates on two levels."  *Id.*  Akamai's MIL would improperly take these questions away from the jury, contrary to the Court's unambiguous ruling.  The motion should be denied, and the jury should determine whether Limelight's accused system meets the 959 Patent claims under the Court's construction.

      **C.**     **Akamai's MIL to exclude testimony or argument that the use of FastTCP in Limelight's system does not meet the "high performance protocol"/"high performance communication protocol" limitations of the 133 Patent asserted claims should be denied.**

Akamai's motion again overreaches in asking this Court to bar Limelight from making ***any*** arguments at trial that Limelight's use of FastTCP does not meet the "high performance protocol" limitations of Akamai's asserted 133 Patent. D.E. 459 at 8-9. Limelight's motion for summary judgment of non-infringement (D.E. 226 at 21-24) raised only one of multiple non-infringement positions regarding this limitation (that destination devices can still receive communications that use FastTCP settings, and thereby is a protocol "supported" by the destination) and this Court's Summary Judgment Order clarified the Court's claim construction as to that one argument regarding this limitation. D.E. 419 at 11. However, Limelight raised other bases for finding that Limelight's use of FastTCP does not meet the "high performance communication protocol" limitations that were not addressed in either party's summary judgment briefing, that Limelight expects to present at trial, and that must still be resolved by the jury.

For example, technical expert Professor Michael Freedman expressly explained in his report that FastTCP is not a "protocol" or a "communication protocol" because it does not meet the Court's construction of those terms; only TCP does, and thus FastTCP cannot meet the "high

performance communication protocol" limitation (or any other "communication protocol" limitations). D.E. 227-3 (Freedman Resp. Rpt.) at ¶¶ 344-351. As Professor Freedman explained in one excerpt from his report:

> I understand that the Court has construed a "communication protocol" to be a "set of rules for transmission or receipt of information between components in a CDN." D.E. 179 (Claim Construction Order) at 18-20. FastTCP (including as implemented in Limelight's Sidewinder network stack), like other TCP congestion control algorithms, adjusts settings that already exist in the TCP rule set (namely, the TCP congestion window)—FastTCP is not itself a new or different set of rules for transmission or receipt of information between components in a CDN. ***The set of rules used is still TCP, just as it would be using any other TCP congestion control algorithm***.

*Id*. at ¶ 348 (emphasis added). Because there will be a factual question for the jury of whether TCP is in fact the only "communication protocol" involved in Limelight's use of FastTCP, and because even Akamai does not dispute that the source and destination devices can both send and receive using TCP, there will also be a question for the jury about whether the use of FastTCP meets the Court's construction of "high performance communication protocol" as clarified in the Court's Order (D.E. 419 at 11). D.E. 227-3 (Freedman Resp. Rpt.) at ¶ 351. Neither Akamai's summary judgment briefing nor its brief in support of its motion *in limine* provides any rationale for excluding this non-infringement defense regarding the "high performance protocol" limitations and Limelight should not be precluded from presenting testimony, other evidence, or argument regarding this or any other non-infringement position that is consistent with this Court's Order (D.E. 419).

## III.    CONCLUSION

For the reasons articulated above, Akamai's Supplemental Motions *In Limine* should be denied.

Date: April 12, 2017                          Respectfully submitted,


/s/  Natasha M. Saputo
Maya M. Eckstein (Va. Bar No. 41413)
HUNTON & WILLIAMS LLP
951 Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8788
Facsimile:     (804) 343-4630
Meckstein@hunton.com

Matthew D. Powers (CA Bar No. 104795)
(*pro hac vice*)
Paul T. Ehrlich (CA Bar No. 228543)
(*pro hac vice*)
Azra Hadzimehmedovic (CA Bar No. 239088)
(*pro hac vice*)
William P. Nelson (CA Bar No. 196091)
(*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316)
(*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080)
(*pro hac vice*)
Yi Chen (CA Bar No. 295236)
(*pro hac vice*)
Sergio Davila (CA Bar No. 302689)
(*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:     (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

11

*Attorneys for Plaintiff and Counterclaim*
*Defendant Limelight Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2017, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/     *Natasha M. Saputo*
Natasha M. Saputo

13