# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> XO COMMUNICATIONS, LLC., AND ) <br> AKAMAI TECHNOLOGIES, INC. ) <br> ) <br> Defendants. | Case No. 3:15-cv-720-JAG <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT AKAMAI TECHNOLOGIES, INC.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the Court's Initial Scheduling Order (Dkt. No. 45), Defendant Akamai Technologies, Inc. ("Akamai") provides its Initial Disclosures.  These disclosures are based on information presently known and reasonably available to Akamai at this time.  Akamai may discover additional facts that further support Akamai's defenses and/or rebut the claims made in the complaint filed by Plaintiff Limelight Networks, Inc. ("Limelight").  Accordingly, Akamai reserves the right to supplement or amend these disclosures, and to present witnesses, documents, and evidence based upon its continuing investigation and discovery.

Moreover, these disclosures are made without waiver of any objections Akamai may have regarding the subject matter of the disclosures and any person, entity or documents identified by Akamai herein.  Specifically, Akamai reserves all objections, including but not limited to: (1) relevance; (2) any applicable privilege under federal and state law, including the attorney-client privilege, work product privilege and common interest privilege; (3) undue burden; (4) materiality; (5) overbreadth; and (6) admissibility.

7324714v1

## A. PERSONS HAVING RELEVANT KNOWLEDGE/BRIEF STATEMENT

The following individuals are believed likely to have discoverable information that Akamai may use to support its defenses or claims. Akamai believes that other, not yet identified, individuals or entities may have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds. Akamai incorporates by reference herein all other parties' disclosures of individuals believed likely to have discoverable information. Any current or former employee, agent, or other representative of Akamai should be contacted only through Akamai's counsel, Carlos Perez of Choate Hall & Stewart LLP, at Two International Place, Boston, Massachusetts 02110, (617) 248-5000.

| Individual | Substance of Information Known |
|---|---|
| Bradley B. Harvell | Invention of U.S. Patent Nos. 8,750,155, 7,715,324, and 8,683,002 |
| Joseph D. DePalo | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Michael M. Gordon | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Jason L. Wolfe | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Nils H. McCarthy | Invention of U.S. Patent No. 8,683,002 |
| Leonid Fainberg | Invention of U.S. Patent No. 8,856,263 |
| Ofir Ehrlich | Invention of U.S. Patent No. 8,856,263 |
| Gil Shai | Invention of U.S. Patent No. 8,856,263 |
| Ofer Gadish | Invention of U.S. Patent No. 8,856,263 |
| Amitay Dobo | Invention of U.S. Patent No. 8,856,263 |
| Ori Berger | Invention of U.S. Patent No. 8,856,263 |
| Jason Hofmann | Invention of U.S. Patent No. 9,015,348 |
| Hemdat Cohen-Shraga | Invention of U.S. Patent No. 9,015,348 |
| Erez Yaffe | Invention of U.S. Patent No. 9,015,348 |
| Bryan Black | Invention of U.S. Patent No. 8,615,577 |
| Jacob Roersma | Invention of U.S. Patent No. 8,615,577 |
| Jared Boelens | Invention of U.S. Patent No. 8,615,577 |
| Luke Knol | Invention of U.S. Patent No. 8,615,577 |
| Neil Dunbar | Invention of U.S. Patent No. 8,615,577 |
| Sig Lange | Invention of U.S. Patent No. 8,615,577 |

| | |
|---|---|
| Wylie Swanson | Invention of U.S. Patent No. 8,615,577 |
| Robert Blumofe<br>Executive Vice President, Platform Division, Akamai<br><br>To be contacted through counsel | Operation and functionality of the Akamai Intelligent Platform. |
| Craig Adams<br>Vice President, Web Experiences, Akamai<br><br>To be contacted through counsel | Accused features (TCP optimization, tiered distribution and caching, content prefetching, front end optimization, and image converter/management) |
| Keith Oslakovic<br>Senior Vice President, Service Performance, Akamai<br><br>To be contacted through counsel | Design, function, and operation of the Akamai Intelligent Platform. |
| Kit Knox<br>Vice President, Media Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of the Akamai Intelligent Platform. |
| Michael Fay<br>Vice President, Products and Operations, Akamai<br><br>To be contacted through counsel | Design, function, and operation of the Akamai Intelligent Platform. |
| John Dilley<br>Chief Product Architect, Akamai<br><br>To be contacted through counsel | Design and operation of the accused systems. |
| Cheng Jim<br>Director of Engineering, Akamai<br><br>To be contacted through counsel | Design and operation of the accused systems. |
| Stephen Ludin<br>Chief Architect, Akamai<br><br>To be contacted through counsel | Design and operation of the accused systems. |
| Robert Hughes<br>President, Worldwide Operations, Akamai<br><br>To be contacted through counsel | Sales and sales operations of the accused systems. |

| | |
|---|---|
| Brad Rinklin<br>Senior Vice President, Chief Marketing Officer, Akamai<br><br>To be contacted through counsel | Akamai marketing operations |
| Edward McGowan<br>Vice President, Global Carrier Strategy & Sales, Akamai<br><br>To be contacted through counsel | Akamai financial reporting, accounting, and analysis for the accused system. |

Expert witnesses will be identified at a later date in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2).

Akamai has not yet identified all employees, suppliers, agents, consultants, and/or other representatives of the parties or of non-parties likely to have discoverable information that Akamai may use to support its defenses or claims. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patents-in-Suit; (b) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Patents-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (d) individuals having knowledge of any license to the Patents-in-Suit, any offer to license the Patents-in-Suit, or any refusal to license the Patents-in-Suit; (e) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patents-in-Suit; (f) individuals having knowledge of the alleged inventorship, ownership or rights in the Patents-in-Suit and/or their subject matter; and (g) individuals having knowledge of the assignment and/or transfer of any rights in the Patents-in-Suit.

7324714v1

**B. DOCUMENTS**

The following is a description by category of documents that are in Akamai's possession, custody or control that Akamai may use to support its claims and defenses:

1. Documents and other data relating to the research, development, and operation of the accused products.

2. Documents relating to the marketing, sales, and financial data regarding Akamai's Intelligent Platform and the accused products.

3. Documents demonstrating that the claims of the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the accused products, including but not limited to prior art patents and publications.

These documents are located at Akamai's facilities in Massachusetts, located at 150 Broadway, Cambridge, Massachusetts 02142 and/or at the office of its counsel, Choate Hall & Stewart LLP.

Akamai makes this disclosure without any admission as to the relevance, discoverability, or admissibility of any documents within the categories identified above and without a waiver of its right to withhold the production of any documents or information on the basis of any claim of privilege. Akamai reserves the right to further supplement these disclosures to the extent necessary and appropriate if, in the course of further investigation and discovery, it becomes aware of additional categories of relevant documents in its possession, custody or control that it may use to support its claims. Akamai identifies its rights to object to the production of any document, including those described above.

**C. COMPUTATION OF DAMAGES**

Plaintiff has not yet articulated to Akamai the amount of damages, if any, that Plaintiff is claiming in this action. Akamai will supplement this disclosure in accordance with Federal Rule of Civil Procedure 26 to the extent necessary and at the appropriate time.

7324714v1

**D.  INDEMNITY AND INSURANCE AGREEMENTS**

Akamai is not aware of any indemnity or insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.


Dated: March 14, 2016                                      Respectfully Submitted,

                                                                                          AKAMAI TECHNOLOGIES, INC.

                                                                                         By    /s/ Dabney J. Carr
                                                                                              Of Counsel

Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS LLP**
1001 Haxall Point, Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
dabney.carr@troutmansanders.com

Carlos Perez-Albuerne (BBO#: 640446) (*pro hac vice to be filed*)
Margaret E. Ives (BBO#: 668906) (*pro hac vice to be filed*)
CHOATE, HALL & STEWART LLP
Two International Place, Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
cperez@choate.com
mives@choate.com

*Counsel for Defendant Akamai Technologies, Inc*.

7324714v1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel of record for Limelight Networks, Inc., by email, on March 14, 2016.

Dated: March 14, 2016  　　　　　　　　　　　／s/ Dabney J. Carr  
　　　　　　　　　　　　　　　　　　　　Dabney J. Carr, IV (VSB No. 28679)  
　　　　　　　　　　　　　　　　　　　　**TROUTMAN SANDERS LLP**  
　　　　　　　　　　　　　　　　　　　　1001 Haxall Point, Richmond, VA 23219  
　　　　　　　　　　　　　　　　　　　　Telephone:  (804) 697-1200  
　　　　　　　　　　　　　　　　　　　　Facsimile:  (804) 697-1339  
　　　　　　　　　　　　　　　　　　　　dabney.carr@troutmansanders.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Akamai Technologies, Inc*.

7324714v1