# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., ) <br> ) <br>     Plaintiff and Counterclaim ) <br>     Defendant ) <br> ) <br> v. ) <br> ) <br> XO COMMUNICATIONS, LLC., ) <br> ) <br>     Defendant, ) <br> ) <br> AKAMAI TECHNOLOGIES, INC. ) <br> ) <br>     Defendant and Counterclaim ) <br>     Plaintiff, ) <br> ) <br> MASSACHUSETTS INSTITUTE OF ) <br> TECHNOLOGY, ) <br> ) <br>     Counterclaim Plaintiff ) | Case No. 3:15cv720-JAG <br><br><br><br> **JURY TRIAL DEMANDED** |

**AKAMAI TECHNOLOGIES, INC.'S AMENDED RULE 26 INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1), the Local Rules of this Court, and the Court's Initial Scheduling Order (Dkt. No. 45), Defendant and Counterclaim Plaintiff Akamai Technologies, Inc. ("Akamai") provides the following amended disclosures. These disclosures are based on information presently known and reasonably available to Akamai at this time. Akamai reserves the right, consistent with Fed. R. Civ. P. 26(e), to amend, modify and/or supplement these disclosures as additional evidence and information becomes available.

Moreover, these disclosures are made without waiver of any objections Akamai may have regarding the subject matter of the disclosures and any person, entity or documents identified by Akamai herein. Specifically, Akamai reserves all objections, including but not

limited to: (1) relevance; (2) any applicable privilege under federal and state law, including the attorney-client privilege, work product privilege and common interest privilege; (3) undue burden; (4) materiality; (5) overbreadth; and (6) admissibility.

### A. PERSONS HAVING RELEVANT KNOWLEDGE/BRIEF STATEMENT

The following individuals are believed likely to have discoverable information that Akamai may use to support its defenses or claims. Akamai believes that other, not yet identified, individuals or entities may have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds. Akamai incorporates by reference herein all other parties' disclosures of individuals believed likely to have discoverable information. Any current or former employee, agent, or other representative of Akamai should be contacted only through Akamai's counsel, Carlos Perez of Choate Hall & Stewart LLP, at Two International Place, Boston, Massachusetts 02110, (617) 248-5000.

| Individual | Substance of Information Known |
|---|---|
| Attorneys at Kilpatrick Townsend & Stockton LLP | Prosecution of Patents-in-Suit |
| Bradley B. Harvell | Invention of U.S. Patent Nos. 8,750,155, 7,715,324, and 8,683,002 |
| Joseph D. DePalo | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Michael M. Gordon | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Jason L. Wolfe | Invention of U.S. Patent Nos. 8,750,155 and 7,715,324 |
| Jason Hofmann | Invention of U.S. Patent No. 9,015,348 |
| Jacob Roersma | Invention of U.S. Patent No. 8,615,577 |
| Limelight Corporate Representatives | 30(b)(6) testimony |
| F. Thomson Leighton<br>Chief Executive Officer & Co-Founder, Akamai<br><br>To be contacted through counsel | Invention of U.S. Patent Nos. 7,693,959 and 8,307,088; Akamai corporate history; design, operation, functionality, and sale of relevant Akamai technology; competition involving Akamai and Limelight |

| Individual | Substance of Information Known |
|---|---|
| Josef Kloninger<br>Former Senior Director, Engineering and Service Performance, Akamai<br><br>To be contacted through counsel | Invention of U.S. Patent No. 8,122,102 |
| Philip Lisiecki<br>Chief Architect, Akamai<br><br>To be contacted through counsel | Invention of U.S. Patent Nos. 8,122,102 and 7,472,178 |
| Kyle Rose<br>Principle Architect, Akamai<br><br>To be contacted through counsel | Invention of U.S. Patent No. 7,472,178 |
| Robert Blumofe<br>Executive Vice President, Platform Division, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Craig Adams<br>Vice President, Web Experiences, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Keith Oslakovic<br>Senior Vice President, Service Performance, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Kit Knox<br>Vice President, Media Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Michael Fay<br>Vice President, Products and Operations, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |

| Individual | Substance of Information Known |
|---|---|
| John Dilley<br>Former Chief Product Architect, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology. Invention and technology described in prior art, including the 7,133,905 patent. |
| Cheng Jin<br>Director of Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology; Limelight/FastSoft collaboration |
| Steven Low<br>Professor of Computer Science and Electric Engineering, Caltech<br><br>To be contacted through counsel | Limelight/FastSoft collaboration |
| Stephen Ludin<br>Chief Architect, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology; invention and technology described in the prior art, including Pub. No. 2007/0156845 |
| Craig Conboy<br>Director of Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Pat Larkin<br>Senior Director, Performance Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Nicholas Brookins<br>Senior Director, Media Services Engineering, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |
| Brian Mancuso<br>Principal Software Engineer, Akamai<br><br>To be contacted through counsel | Design, function, and operation of relevant Akamai technology |

| Individual | Substance of Information Known |
|---|---|
| Robert Hughes<br>President, Worldwide Operations, Akamai<br><br>To be contacted through counsel | Sales and sales operations of relevant Akamai technology |
| Brad Rinklin<br>Former Senior Vice President, Chief Marketing Officer, Akamai<br><br>To be contacted through counsel | Akamai marketing operations. |
| Neil Cohen<br>Vice President, Product Marketing, Akamai<br><br>To be contacted through counsel | Akamai marketing operations; sales and sales operations of relevant Akamai technology |
| Edward McGowan<br>Vice President, Global Carrier Strategy & Sales, Akamai<br><br>To be contacted through counsel | Akamai financial reporting, accounting, and analysis for relevant Akamai technology |
| David Belson<br>Senior Director, Industry & Data Intelligence, Akamai<br><br>To be contacted through counsel | Competition involving Limelight and Akamai; damage suffered by Akamai as a result of Limelight's infringement of counterclaim patents |
| Alan Johnson<br>Vice President, Global Sales, Service, and Marketing Operations, Akamai<br><br>To be contacted through counsel | Akamai financial reporting, accounting, and analysis for relevant Akamai technology; damage suffered by Akamai as a result of Limelight's infringement of counterclaim patents |
| Joshua Matt<br>Senior Counsel, Intellectual Property, Akamai<br><br>To be contacted through counsel | Akamai's patent licenses and royalties; litigation involving counterclaim patents |
| Todd Lawrence<br>Regional Vice President, Networks Americas, Akamai<br><br>To be contacted through counsel | Akamai's relationship with XO Communications and other network service providers; network capacity |

| Individual | Substance of Information Known |
|---|---|
| Darren Ng<br>Engineering Manager, Akamai<br><br>To be contacted through counsel | TCP optimization technology at FastSoft and Akamai |

Expert witnesses will be identified at a later date in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2).

Akamai has not yet identified all employees, suppliers, agents, consultants, and/or other representatives of the parties or of non-parties likely to have discoverable information that Akamai may use to support its defenses or claims. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patents-in-Suit; (b) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Patents-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (d) individuals having knowledge of any license to the Patents-in-Suit, any offer to license the Patents-in-Suit, or any refusal to license the Patents-in-Suit; (e) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patents-in-Suit; (f) individuals having knowledge of the alleged inventorship, ownership or rights in the Patents-in-Suit and/or their subject matter; (g) individuals having knowledge of the assignment and/or transfer of any rights in the Patents-in-Suit; and (h) individuals affiliated with the law firms involved in the prosecution of the Patents-in-Suit.

### B. DOCUMENTS

The following is a description by category of documents that are in Akamai's possession, custody or control that Akamai may use to support its claims and defenses:

1. Documents and other data relating to the research, development, and operation of the accused products.

2. Documents relating to the marketing, sales, and financial data regarding Akamai's Intelligent Platform and the accused products.

3. Documents demonstrating that the claims of the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the accused products, including but not limited to prior art patents and publications.

These documents are located at Akamai's facilities in Massachusetts, located at 150 Broadway, Cambridge, Massachusetts 02142 and/or at the office of its counsel, Choate Hall & Stewart LLP.

Akamai makes this disclosure without any admission as to the relevance, discoverability, or admissibility of any documents within the categories identified above and without a waiver of its right to withhold the production of any documents or information on the basis of any claim of privilege. Akamai reserves the right to further supplement these disclosures to the extent necessary and appropriate if, in the course of further investigation and discovery, it becomes aware of additional categories of relevant documents in its possession, custody or control that it may use to support its claims. Akamai identifies its rights to object to the production of any document, including those described above.

### C. COMPUTATION OF DAMAGES

Akamai intends to seek and recover remedies available under the Patent Act, including at least a reasonable royalty. Akamai also intends to claim prejudgment interest from the date of infringement to the date of judgment and post-judgment interest at the maximum rate allowed by law, enhanced damages as may be ordered by the Court pursuant to 35 U.S.C. § 284, and its attorneys' fees and costs. Akamai's computation of damages will be based on documents that have been and/or will be produced in this case and on expert testimony that will be disclosed pursuant to the Court's Scheduling Order. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

**D. INDEMNITY AND INSURANCE AGREEMENTS**

Akamai is not aware of any indemnity or insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

AKAMAI TECHNOLOGIES, INC.

By its attorneys,

*/s/ Margaret E. Ives*
Carlos Perez-Albuerne (*pro hac vice*)
cperez@choate.com
Margaret E. Ives (*pro hac vice*)
mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

- and -

Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS** LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

Dated: September 2, 2016

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of September, 2016, a true copy of the foregoing was served by email on all counsel of record.


Dated:  September 2, 2016                    /s/ *Margaret E. Ives*
                                             Carlos Perez-Albuerne (*pro hac vice*)
                                             cperez@choate.com
                                             Margaret E. Ives (*pro hac vice*)
                                             mives@choate.com
                                             CHOATE, HALL & STEWART LLP
                                             Two International Place
                                             Boston, MA 02110
                                             Tel.:  (617) 248-5000
                                             Fax:  (617) 248-4000

7729795v1