# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br>     Plaintiff and Counterclaim <br>     Defendant, <br> v. <br><br> XO COMMUNICATIONS, LLC., <br><br>     Defendant, <br><br> AKAMAI TECHNOLOGIES, INC. <br><br>     Defendant and Counterclaim <br>     Plaintiff, <br><br> MASSACHUSETTS INSTITUTE OF <br> TECHNOLOGY, <br><br>     Counterclaim Plaintiff. | Case No. 3:15-cv-720-JAG <br><br> **JURY TRIAL DEMANDED** |

**AKAMAI TECHNOLOGIES, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND RESPONSES TO LIMELIGHT NETWORKS, INC.'S
FOURTH SET OF INTERROGATORIES (NOS. 14-22)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant and Counterclaim Plaintiff Akamai Technologies, Inc. ("Akamai") hereby provides its second supplemental responses and objections to the Fourth Set of Interrogatories of Plaintiff Limelight Networks, Inc. ("Limelight") as follows:

**GENERAL OBJECTIONS**

Akamai's General Objections to Plaintiff's First Set of Interrogatories are incorporated herein. Akamai reiterates its objection to the extent that the "Definitions" and "Instructions"

sections of the Interrogatories purport to impose obligations upon Akamai beyond those established by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 14

For each asserted claim of each of the Counterclaim Patents-in-Suit, describe the circumstances of alleged conception and reduction to practice, including without limitation an identification of: the alleged priority date for that asserted claim; the alleged dates, locations of, and individuals involved in conception and reduction to practice; each Named Inventor's contribution to the claim; the alleged dates, locations and first written records of such conception;); and each document, thing, or person that Akamai relies upon in support of its response.

### RESPONSE TO INTERROGATORY NO. 14

Akamai objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case. Akamai objects to Interrogatory No. 14 on the ground that it contains multiple interrogatories. Akamai objects to Interrogatory No. 14 to the extent it purports to shift Limelight's burden of proof on invalidity to Akamai. Under 35 U.S.C. § 282, a patent is presumed valid. It is Limelight's burden to prove, by clear and convincing evidence, that the asserted claims of the Counterclaim Patents-in-Suit are invalid. This burden remains with Limelight. Akamai objects to the phrase "priority date" as vague and ambiguous to the extent it purports to seek information other than the date of the first application based upon which each Counterclaim Patent-in-Suit is entitled to a claim of priority. Akamai objects to Interrogatory No. 14 to the extent it purports to call for a legal conclusion or determination regarding "conception" or "reduction to practice." Akamai objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, community of interest protection, or joint defense protection, or is otherwise immune from discovery. Akamai objects to Interrogatory No. 14 to the extent it seeks information that is

already in Limelight's possession or is easily obtainable from public sources.  Akamai objects to Interrogatory No. 14 to the extent it seeks information in the possession of third parties or information that Akamai does not obtain or retain in its usual course of business.  Akamai objects to Interrogatory No. 14 on the grounds that discovery is ongoing, document production is incomplete, and no depositions have been taken.  Accordingly, Akamai reserves the right to update, modify, or alter this response as it discovers additional facts and documents.

Subject to its ongoing investigation, based on the current status of its analysis and without waiving these objections and the General Objections, Akamai states as follows:

Constructive reduction to practice of the inventions claimed in the asserted claims of the 133 Patent occurred on February 7, 2000, the filing date of U.S. Patent Application No. 60/180,816.  Conception of the inventions claimed in the asserted claims of the 133 Patent occurred before February 7, 2000.  The priority date of each claim of the 133 Patent is February 7, 2000.  Akamai identifies named inventors Adam J. Grove, Michael Kharitonov, and Alexei Tumarkin as the individuals involved in the conception and reduction to practice of the inventions claimed in the asserted claims of the 133 Patent.  Based on its current analysis, Akamai states that the conception and reduction to practice of the inventions claimed in the asserted claims of 133 Patent took place in Palo Alto, California.

Constructive reduction to practice of the inventions claimed in the asserted claims of the 959 Patent occurred on July 14, 1998, the filing date of U.S. Patent Application No. 60/092,710.  Conception of the inventions claimed in the asserted claims of the 959 Patent occurred before July 14, 1998.  The priority date of each claim of the 959 Patent is July 14, 1998.  Akamai identifies F. Thomson Leighton and Daniel M. Lewin as the individuals involved in the conception and reduction to practice of the inventions claimed in the 959 Patent.  Based on its

current analysis, Akamai states that the conception and reduction to practice of the inventions

claimed in the asserted claims of the 959 Patent took place in Cambridge, Massachusetts.

Constructive reduction to practice of the inventions claimed in the asserted claims of the

178 Patent occurred on April 2, 2001, the filing date of U.S. Patent Application No. 60/280,917.

Conception of the inventions claimed in the asserted claims of the 178 Patent occurred before

April 2, 2001.  The priority date of each claim of the 178 Patent is April 2, 2001.  Akamai

identifies Philip A. Lisiecki, Cosmos, Nicolaou, and Kyle R. Rose as the individuals involved in

the conception and reduction to practice of the inventions claimed in the asserted claims of the

178 Patent.  Based on its current analysis, Akamai states that the conception and reduction to

practice of the inventions claimed in the asserted claims of the 178 Patent took place in

Cambridge, Massachusetts.

Constructive reduction to practice of the inventions claimed in the asserted claims of the

102 Patent occurred on April 14, 2001, the filing date of U.S. Patent Application No. 60/197,211.

Conception of the inventions claimed in the asserted claims of the 102 Patent occurred before

April 14, 2001.  The priority date of each claim of the 102 Patent is April 14, 2001.  Akamai

identifies Joel M. Wein, John Josef Kloninger, Mark C. Nottingham, David R. Karger, and Philip

A. Lisiecki as the individuals involved in the conception and reduction to practice of the

inventions claimed in the asserted claims of the 102 Patent.  Based on its current analysis,

Akamai states that the conception and reduction to practice of the inventions claimed in the

asserted claims of the 102 Patent took place in Cambridge, Massachusetts.

Constructive reduction to practice of the inventions claimed in the asserted claims of the

088 Patent occurred on April 17, 2000, the filing date of the provisional application.  Conception

of the inventions claimed in the asserted claims of the 088 Patent occurred before April 17, 2000.

The priority date of the 088 Patent is April 17, 2000.  Akamai identifies F. Thomson Leighton and Daniel M. Lewin as the individuals involved in the conception and reduction to practice of the inventions claimed in the asserted claims of the 088 Patent.  Based on its current analysis, Akamai states that the conception and reduction to practice of the inventions claimed in the asserted claims of the 088 Patent took place in Cambridge, Massachusetts.

Because the burden of deriving or ascertaining the answer to the remaining portions of this Interrogatory will be substantially the same for Akamai as it will be for Limelight, Akamai will produce and identify documents responsive to this Interrogatory under Federal Rule of Civil Procedure 33(d).

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14

Akamai objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Akamai objects to Interrogatory No. 14 on the grounds that it constitutes multiple interrogatories.  Akamai objects to Interrogatory No. 14 as purporting to shift Limelight's burden of proof on invalidity to Akamai.  Under 35 U.S.C. § 282, a patent is presumed valid.  It is Limelight's burden to prove, by clear and convincing evidence, that the asserted claims of the Counterclaim Patents-in-Suit are invalid.  This burden remains with Limelight.  Therefore, Akamai objects to Interrogatory No. 14 to the extent it purports to shift Limelight's burden to identify any potentially relevant evidence related to validity to Akamai.  Akamai objects to Interrogatory No. 14 to the extent it purports to call for legal conclusions and determinations regarding the written description requirement of 35 U.S.C. ¶ 112, which Akamai is not obligated to provide, and that may be protected by attorney-client privilege, attorney work-product privilege, and other privileges or

- 5 -

immunities.  Akamai objects to Interrogatory No. 14 to the extent it seeks information that is publicly available, is equally available to Limelight as to Akamai, or is already in Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege or immunity.  Akamai objects to Interrogatory No. 14 to the extent it seeks information in the possession of third parties or information that Akamai does not obtain or retain in the usual course of its business.

Subject to and without waiving these objections and the General Objections Akamai states that constructive reduction to practice of the inventions claimed in the asserted claims of the 102 Patent occurred on April 14, 2000, the filing date of U.S. Patent Application No. 60/197,211.  Conception of the inventions claimed in the asserted claims of the 102 Patent occurred before April 14, 2000.  The priority date of each claim of the 102 Patent is April 14, 2000.  Akamai identifies Joel M. Wein, John Josef Kloninger, Mark C. Nottingham, David R. Karger, and Philip A. Lisiecki as the individuals involved in the conception and reduction to practice of the inventions claimed in the asserted claims of the 102 Patent.  Based on its current analysis, Akamai states that the conception and reduction to practice of the inventions claimed in the asserted claims of the 102 Patent took place in Cambridge, Massachusetts.  Akamai incorporates its initial Response to Interrogatory No. 14 as to the 178 Patent, the 088 Patent, the 959 Patent, and the 178 Patent by reference herein.

Akamai further states pursuant to Fed. R. Civ. P. 33(d), that it produced documents relating to the conception and reduction to practice of the inventions described and claimed in the Counterclaim Patents-in-Suit, including the following documents:  AKAM0532060-139, AKAM0530936; AKAM0580236-247; AKL000047-AKL000075; AKL003601-AKL004169.

Further, Akamai incorporates the testimony of Josef Kloninger and Philip Lisiecki to the extent that Mr. Kloninger and Mr. Lisiecki was asked to testify and did testify on subject matter that is responsive to this interrogatory regarding the 102 Patent.   Further, Akamai incorporates the testimony of Philip Lisiecki to the extent that Mr. Lisiecki was asked to testify and did testify on subject matter that is responsive to this interrogatory regarding the 178 Patent.    Further, Akamai incorporates the testimony of F. Thomson Leighton to the extent that Dr. Leighton will be asked to testify and does testify on subject matter that is responsive to this interrogatory regarding the 088 and 959 Patents.

## INTERROGATORY NO. 17:

For each asserted claim of the Counterclaim Patents-in-Suit, separately identify, by product name, version, description and/or other identifying characteristic, every product (including prototype), on an element-by-element basis, made, used, sold, or imported by Limelight, its predecessors, or its licensees that has embodied, was made by, or that has used, the subject matter of any claim of any Counterclaim Patent-in-Suit, including its identity and the dates of such manufacture, use, sale or import.

## RESPONSE TO INTERROGATORY NO. 17

Akamai objects to Interrogatory No. 17 on the grounds that it is overly broad, unduly burdensome, not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Akamai objects to Interrogatory No. 17 on the grounds that it constitutes multiple interrogatories.  Akamai objects to the term "embodied, was made by, or that has used, the subject matter of any claim of any Counterclaim Patent-in-Suit" as vague, ambiguous, overbroad, and unduly burdensome. Akamai objects to Interrogatory No. 17 as premature.  Discovery is ongoing, document production is incomplete, and no depositions have been taken.  Discovery may yield additional facts that may support Akamai's contentions regarding infringement of the asserted claims of the Counterclaim Patents-in-Suit.  Akamai objects to Interrogatory No. 17 to the extent it seeks

information that is publicly available, is equally available to Limelight as to Akamai, or is already in Limelight's possession, custody or control. Akamai objects to Interrogatory No. 17 to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, community of interest protection, or joint defense protection, or is otherwise immune from discovery. Akamai objects to Interrogatory No. 17 to the extent it seeks information in the possession of third parties or information that is not obtained or retained by Akamai in the usual course of its business.

Subject to and without waiving these objections and or the General Objections, Akamai states that, pursuant to the Court's scheduling order, Akamai provided to Limelight its preliminary infringement contentions on May 20, 2016. In these preliminary infringement contentions, Akamai identified, on a claim-by-claim basis, without the benefit of discovery from Limelight and based on publicly-available information, the Limelight products that embody the subject matter of the asserted claims of the Counterclaim Patents-in-Suit. With the benefit of discovery from Limelight about its products, Akamai will supplement its infringement contentions consistent with the Court's order (D.I. 96). Further, Akamai will provide expert opinions regarding Limelight's, its predecessors, or its licensees' infringement of the Counterclaim Patents-in-Suit at the time, and in the manner ordered by the Court. See D.I. 55. Akamai reserves the right to update, modify, or alter this response as it discovers additional facts and documents about Limelight's products. Akamai also reserves the right to amend and incorporate expert opinions and expect factual testimony responsive to this Interrogatory.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17

Akamai objects to Interrogatory No. 17 on the grounds that it is overly broad, unduly burdensome, not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Akamai objects

to Interrogatory No. 17 on the grounds that it constitutes multiple interrogatories.  Akamai objects to the term "embodied, was made by, or that has used, the subject matter of any claim of any Counterclaim Patent-in-Suit" as vague, ambiguous, overbroad, and unduly burdensome. Akamai objects to Interrogatory No. 17 as premature.  Discovery is ongoing, document production is incomplete, and several depositions have not yet been taken.  Discovery may yield additional facts that may support Akamai's contentions regarding infringement of the asserted claims of the Counterclaim Patents-in-Suit.  Akamai objects to Interrogatory No. 17 to the extent it seeks information that is publicly available, is equally available to Limelight as to Akamai, or is already in Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 17 to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, community of interest protection, or joint defense protection, or is otherwise immune from discovery.  Akamai objects to Interrogatory No. 17 to the extent it seeks information in the possession of third parties or information that is not obtained or retained by Akamai in the usual course of its business.

Subject to and without waiving these objections and or the General Objections, Akamai states that, pursuant to the Court's Order (D.I. 96), Akamai provided to Limelight its Supplemental Infringement Contentions on June 17, 2016.  Further, Akamai will provide expert opinions regarding Limelight's infringement of the Counterclaim Patents-in-Suit at the time, and in the manner ordered by the Court.  See D.I. 55.  Akamai reserves the right to update, modify, or alter this response as it discovers additional facts and documents about Limelight's products. Akamai also reserves the right to amend and incorporate expert opinions and expect factual testimony responsive to this Interrogatory.

**INTERROGATORY NO. 21**

Describe in detail all facts supporting Akamai's claim for past and future damages.

**RESPONSE TO INTERROGATORY NO. 21**

Akamai objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Akamai objects to Interrogatory No. 21 as premature and unduly burdensome to the extent it seeks information that is related to opinion testimony or to expert discovery.  Akamai objects to Interrogatory No. 21 to the extent it seeks information that is publicly available, is equally available to Limelight as to Akamai, or is already in Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 21 to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, community of interest protection, or joint defense protection, or is otherwise immune from discovery.  Akamai objects to Interrogatory No. 21 to the extent it seeks information in the possession of third parties or information that is not obtained or retained by Akamai in the usual course of its business.  Akamai further objects to Interrogatory No. 21 on the ground that discovery is ongoing, document production is incomplete, and no depositions have been taken. Accordingly, Akamai reserves the right to update, modify, or alter this response as it discovers additional facts and documents.

Subject to Akamai's ongoing investigation and without waiving these objections and the General Objections, Akamai responds as follows.  Akamai intends to seek all relief and recover all remedies available under the Patent Act, which may include lost profits and a reasonable royalty.  Akamai also claims prejudgment interest from the date of infringement to the date of judgment and post-judgment interest at the maximum rate allowed by law, enhanced damages as may be ordered by the Court pursuant to 35 U.S.C. § 284, and its attorneys' fees and costs.

Akamai is still investigating whether other claims for damages are appropriate.  Akamai also

reserves the right to seek injunctive relief.  Akamai's search for information and analysis of this

information is continuing.  Accordingly, Akamai reserves the right to update, modify, or alter

this response as it discovers additional facts and documents.  Akamai also reserves the right to

supplement this response with expert opinion and testimony at the appropriate time under the

Court's scheduling order.  Because the burden of deriving or ascertaining additional information

responsive to this Interrogatory will be substantially the same for Limelight as it will be for

Akamai, Akamai will produce and identify documents responsive to this Interrogatory pursuant

to Fed. R. Civ. P. 33(d).

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**

Akamai objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and

not proportional to the needs of the case.  Akamai objects to Interrogatory No. 21 as premature

and unduly burdensome to the extent it seeks information that is related to opinion testimony or

to expert discovery.  Akamai objects to Interrogatory No. 21 to the extent it seeks information

that is publicly available, is equally available to Limelight as to Akamai, or is already in

Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 21 to the extent

it seeks information protected by the attorney-client privilege, attorney work product protection,

community of interest protection, or joint defense protection, or is otherwise immune from

discovery.  Akamai objects to Interrogatory No. 21 to the extent it seeks information in the

possession of third parties or information that is not obtained or retained by Akamai in the usual

course of its business.  Akamai further objects to Interrogatory No. 21 on the ground that

Limelight has not yet provided all relevant discovery. Accordingly, Akamai reserves the right to update, modify, or alter this response as it discovers additional facts and documents.

Subject to Akamai's ongoing investigation and without waiving these objections and its General Objections, Akamai responds as follows: Akamai seeks all relief and remedies available under the Patent Act, which may include lost profits and a reasonable royalty. Akamai also claims prejudgment interest from the date of infringement to the date of judgment and post-judgment interest at the maximum rate allowed by law, enhanced damages as may be ordered by the Court pursuant to 35 U.S.C. § 284, and its attorneys' fees and costs. Akamai is entitled to at least a reasonable royalty determined in accordance with hypothetical negotiations occurring subject to the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Pursuant to Fed. R. Civ. P. 33(d), Akamai identifies the documents described in its responses to Interrogatory Nos. 6 and 22, which it incorporates as if fully set forth herein. Further, pursuant to Fed. R. Civ. P. 33(d), Akamai identifies the following exemplary documents that may be relevant to a determination of a Akamai's damages: documents identified by Limelight in response to Akamai's Interrogatories 14-17, the testimony and exhibits to the depositions of Limelight's corporate representatives Daniel Boncel, Nigel Burmeister, and George Vonderhaar, AKAM0059768, AKAM0059770, AKAM0059780, AKAM0059783, AKAM0059784, AKAM0059785, AKAM0059786, AKAM0007359-7408, AKAM0007409-7530, AKAM0007531-7586, AKAM0007587-7644, AKAM0007645-7648, AKAM0007649-7707, AKAM0007708-7830, AKAM0007831-7881, AKAM0007882-7954, AKAM0007955-8011, AKAM0008012-8127, AKAM0008128-8177, AKAM0008178-8229, AKAM0008230-8279, AKAM0008280-8392, AKAM0008393-8447, AKAM0008448-8502, AKAM0008503-

8570, AKAM0008571-8667, AKAM0008668-8734, AKAM0008735-8820, AKAM0008821-8875, AKAM0008876-8982, AKAM0008983-9033, AKAM0009034-9083, AKAM0009084-9135, AKAM0009136-9242, AKAM0009243-9309, AKAM0009310-9360, AKAM0009363-9414, AKAM0531068, AKAM0531694, AKAM0580312, AKAM0580880, LLNW_00291133, LLNW_00291271, LLNW_00291379, LLNW_00291482, LLNW_00291703, LLNW_00291818, LLNW_00291961, LLNW_00292065, LLNW_00292183, LLNW_00292283, LLNW_00292432, LLNW_00292546, LLNW_00292647, LLNW_00292744, LLNW_00292867, LLNW_00293064, LLNW_00293160, LLNW_00293250, LLNW_00293422, LLNW_00293511, LLNW_00293601, LLNW_00293688, LLNW_00293869, LLNW_00293969, LLNW_0029394056.

## INTERROGATORY NO. 22

Identify any and all patent licenses, cross licenses, covenants not to sue or non-assertion agreements, or other similar agreements known to you which concern the Counterclaim Patents-in-Suit, Related Patents, or which concern the same or similar types of technology or functionalities as the technology and functionalities accused by you of infringing the Counterclaim Patents-in-Suit.

## RESPONSE TO INTERROGATORY NO. 22

Akamai objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Akamai objects to Interrogatory No. 22 on the grounds that it constitutes multiple interrogatories.  Akamai objects to the term "concern the Counterclaim Patents-in-Suit," "Related Patents," "technology or functionalities," or "same or similar types of technology or functionalities" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Akamai specifically objects to this Interrogatory as overbroad, unduly burdensome, not related to any party's claim or defense, and not proportional to the needs of the case because it seeks

information about "Related Patents."  Akamai objects to Interrogatory No. 22 to the extent it

seeks information that is publicly available, is equally available to Limelight as to Akamai, or is

already in Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 22 to

the extent it seeks information protected by the attorney-client privilege, attorney work product

protection, community of interest protection, or joint defense protection, or is otherwise immune

from discovery.  Akamai objects to Interrogatory No. 22 to the extent it seeks information in

possession of third parties or information that is not obtained or retained by Akamai in the usual

course of its business.

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22</u>**

Akamai objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and

not proportional to the needs of the case.  Akamai objects to Interrogatory No. 22 on the grounds

that it constitutes multiple interrogatories.  Akamai objects to the term "concern the

Counterclaim Patents-in-Suit," "Related Patents," "technology or functionalities," or "same or

similar types of technology or functionalities" as vague, ambiguous, overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Akamai specifically objects to this Interrogatory as overbroad, unduly burdensome, not related to

any party's claim or defense, and not proportional to the needs of the case because it seeks

information about "Related Patents."  Akamai objects to Interrogatory No. 22 to the extent it

seeks information that is publicly available, is equally available to Limelight as to Akamai, or is

already in Limelight's possession, custody or control.  Akamai objects to Interrogatory No. 22 to

the extent it seeks information protected by the attorney-client privilege, attorney work product

protection, community of interest protection, or joint defense protection, or is otherwise immune

from discovery.  Akamai objects to Interrogatory No. 22 to the extent it seeks information in possession of third parties or information that is not obtained or retained by Akamai in the usual course of its business.

Subject to and without waiving these objections and the General Objections, Akamai states that, based on its reasonable search and investigation to date, Akamai identifies one license agreement between Akamai and its co-Counterclaim Plaintiff Massachusetts Institute of Technology concerning the '959 Patent.  Akamai produced this license agreement to Limelight during the 2006 litigation between the parties.  Akamai reproduced this agreement in the current action at AKAM0118867-AKAM0118898.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22

Akamai objects to Interrogatory No. 22 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Akamai objects to Interrogatory No. 22 on the grounds that it constitutes multiple interrogatories.  Akamai objects to the terms "concern the Counterclaim Patents-in-Suit," "Related Patents," "technology or functionalities," or "same or similar types of functionalities" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Akamai specifically objects to this Interrogatory as overbroad, unduly burdensome, not related to any part's claim or defense, and not proportional to the needs of the case because it seeks information about "Related Patents."  Akamai objects to  Interrogatory No. 22 to the extent it seeks information that is publicly available, is equally available to Limelight as to Akamai, or is already in Limelight's possession, custody, or control.  Akamai objects to Interrogatory No. 22 to the extent it seeks information protected by the attorney-client privilege, attorney work product protection,

community of interest protection, or joint defense protection, or is otherwise immune from discovery.  Akamai objects to Interrogatory No. 22 to the extent it seeks information in possession of third parties or information that is not obtained or retained by Akamai in the usual course of its business.   Akamai further objects to Interrogatory No. 22 to the extent it seeks information that is subject to third-party confidentiality agreements.  Subject to and without waiving these objections and/or the General Objections, Akamai supplements its response as follows:

Because the burden of deriving or ascertaining the answer to portions of this Interrogatory will be substantially the same for Akamai as it is for Limelight, under Fed. R. Civ. P. 33(d), Akamai refers Limelight to documents produced or to be produced in this action from which the answers to this interrogatory may be ascertained, including at least the following documents listed by production number:  LLNW_00295378, LLNW_00294334, AKAM0118867, AKAM0579038.

Akamai also incorporates by reference its response to Interrogatory No. 6 and the testimony and exhibits to the deposition of Limelight's corporate representative, James Todd. Akamai also reserves the right to amend and incorporate expert opinion and expert factual testimony at the appropriate time in response to this Interrogatory.

AKAMAI TECHNOLOGIES, INC.

By its attorneys,

*/s/ Margaret E. Ives*
Carlos Perez-Albuerne (*pro hac vice*)
cperez@choate.com
Margaret E. Ives (*pro hac vice*)
mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place

Boston, MA 02110
Tel.: (617) 248-5000
Fax:  (617) 248-4000

- and -

Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS** LLP
1001 Haxall Point
Richmond, VA 23219
Telephone:  (804) 697-1200
Facsimile:  (804) 697-1339
dabney.carr@troutmansanders.com

Dated: September 2, 2016

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 2nd day of September, 2016, a true copy of the foregoing was served by electronic mail on all counsel of record.

Dated:  September 2, 2016

<u>/s/ Margaret E. Ives</u>
Carlos Perez-Albuerne (*pro hac vice*)
cperez@choate.com
Margaret E. Ives (*pro hac vice*)
mives@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.:  (617) 248-5000
Fax:  (617) 248-4000