**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br>    Plaintiff and Counterclaim Defendant, <br>v. <br><br>XO COMMUNICATIONS, LLC., <br><br>    Defendant, <br><br>AKAMAI TECHNOLOGIES, INC. <br><br>    Defendant and Counterclaim Plaintiff, <br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br>    Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 3:15-cv-720-JAG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AKAMAI TECHNOLOGIES, INC.'S OPPOSITION TO LIMELIGHT NETWORKS,
INC.'S SUPPLEMENTAL MOTIONS IN LIMINE**

I. **LIMELIGHT'S MIL 10: EXCLUSION OF REFERENCES TO *INTER PARTES* REEXAMINATION ("IPR") PROCEEDINGS CONCERNING THE PATENTS-IN-SUIT, OR DECISIONS FROM THE SAME**

Akamai does not oppose this motion in limine (MIL) to the extent it is coextensive with the parties' stipulated motion in limine, as ordered by this Court, excluding "all references to *inter partes* review (IPR) petitions, proceedings, or decisions regarding the Parties' respective asserted patents." Dkt. 323 at 2 (order).[1] Because the Court has already ordered that the parties may not make reference to the IPR petitions or decisions, no further order is required and Limelight's MIL is moot.

II. **LIMELIGHT'S MIL 11: EXCLUSION OF EVIDENCE OF AND/OR REFERENCE TO THIS COURT'S PRIOR RULINGS REGARDING THE SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

Limelight's MIL No. 11—seeking to exclude all references to this Court's orders on summary judgment and *Daubert* motions—should be denied. Akamai does not intend to attempt to reference the fact that the Court granted or denied summary judgment. But Akamai should be permitted to make reference to the fact that the Court has already decided certain issues.

*First*, Akamai should be permitted to inform a jury—to the extent there is one—of the Court's constructions of the asserted claims, including as further explained in the summary judgment opinion. The Court's summary judgment opinion provided further guidance regarding the claim constructions contained in its earlier *Markman* order. Specifically, the Court provided guidance regarding:

- the construction of the "protocol attribute selector" term of the '324 patent (Dkt. 419 at 5-6) ("As the Court said at the summary judgment hearing, the '324 patent describes a system containing a 'protocol attribute selector' that can, in some

---

[1] Akamai does not interpret the entered MIL, or Limelight's supplemental MIL, to prevent the use of sworn deposition testimony taken during the relevant IPRs for purposes of impeachment, as long as the IPR process itself is not referenced. Nor would such use implicate the concerns raised in Limelight's MIL No. 10.

embodiments, operate only on a connection-by-connection basis—even if in other embodiments, it can receive multiple requests over one connection.");

- the construction of the "parameters relate/relating" term of the '155 patent (*id.* at 7) ("Under the Court's construction, Limelight disclaimed parameters relating to link capacity—even those parameters that relate to link capacity *and* some other factor such as memory. . . . The jury in this case must first decide whether packet loss and round trip time relate to link capacity, a finding of which would prevent Limelight from pursuing these claims.");

- the construction of "CDN name service" term of the '959 patent (*id.* at 10) ("In the Claim Construction Order, the Court construed the '959 Patent as containing a top-level and a low-level domain name service that cannot operate on one level but that can operate both levels on one device.")

- the construction of the "high performance protocol" term of the '133 patent (*id.* at 11) ("First, the Court interpreted the '133 Patent's 'high performance protocol' as one not 'supported by' the source or the destination. To clarify the Court's construction, a source or destination supports a protocol only if it can send *and* receive the protocol.")

There is no basis to prevent Akamai from informing a jury of this Court's rulings on the meaning of the claims. Juries must be informed of the meaning of claims in order to determine the issues of infringement and validity. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) ("[T]he district court must instruct the jury on the meanings to be attributed to all disputed terms used in the claims in suit so that the jury will be able to 'intelligently determine the questions presented.'"). Since the Court resolved claim construction disputes through its summary judgment opinion, the jury should be informed of the Court's further constructions. *See Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved." (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360-1361) (Fed. Cir. 2008))).

.

2

*Second*, Akamai should be permitted to inform a jury that the Court has made certain subsidiary findings. *See, e.g.*, Dkt. 419 at 4 ("The Court finds that Akamai's prior art and the '324 patent both operate on a connection-by-connection basis, but this does not resolve the issue of anticipation."); *id.* at 11 ("In Limelight's FastTCP protocol, end users can receive transmissions but they cannot send transmissions using the protocol. End users cannot, therefore, support FastTCP, so the technology may be a high performance protocol. A jury must decide whether the technology infringes.").

*Third,* as set forth in Akamai's MIL No. 11 (Dkt. 459 at 5-9), Limelight should be precluded from making any arguments inconsistent with the Court's rulings in its summary judgment opinion and order. To the extent Limelight presents testimony or argument inconsistent with this Court's summary judgment rulings, Akamai should be permitted to use the Court's opinion and order to correct the record.

Akamai does not intend to use or refer to the Court's *Daubert* order, assuming Dr. Prowse is excluded from presenting any testimony at trial (as the order currently states). However, should Limelight seek to introduce Dr. Prowse's damages theories through its fact witnesses contrary to Akamai's MIL No. 10 (*id.* at 1-4), Akamai should be permitted to introduce evidence that the same theories were excluded by the Court as unreliable as to Dr. Prowse.

## III. CONCLUSION

Akamai respectfully requests that Limelight's motions in limine be denied.

AKAMAI TECHNOLOGIES, INC.

By    /s/ Dabney J. Carr, IV

| | |
|---|---|
| Dabney J. Carr, IV (VSB No. 28679)<br>Robert A. Angle (VSB No. 37691)<br>Laura Anne Kuykendall (VSB No. 82318)<br>TROUTMAN SANDERS LLP<br>1001 Haxall Point, Richmond, VA 23219<br>Telephone: (804) 697-1200<br>Facsimile: (804) 697-1339<br>dabney.carr@troutmansanders.com<br>robert.angle@troutmansanders.com<br>la.kuykendall@troutmansanders.com<br><br>Carlos Perez-Albuerne (*pro hac vice*)<br>Margaret E. Ives (*pro hac vice*)<br>Daniel C. Winston (*pro hac vice*)<br>Eric J. Marandett (*pro hac vice*)<br>Sophie F. Wang (*pro hac vice*)<br>Phoebe Fischer-Groban (*pro hac vice*)<br>Robert Z. Shames (*pro hac vice*)<br>Vanessa A. Arslanian (*pro hac vice*)<br>Diane Seol (*pro hac vice*)<br>CHOATE, HALL & STEWART LLP<br>Two International Place, Boston, MA 02110<br>Tel.: (617) 248-5000<br>Fax: (617) 248-4000<br>cperez@choate.com<br>mives@choate.com<br>dwinston@choate.com<br>emarandett@choate.com<br>swang@choate.com<br>pfischergroban@choate.com<br>rshames@choate.com<br>varslanian@choate.com<br>dseol@choate.com | William F. Lee (*pro hac vice)*<br>Cynthia D. Vreeland (*pro hac vice*)<br>Michael J. Summersgill (*pro hac vice*)<br>Timothy D. Syrett (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526 6000<br>Facsimile: (617) 526 5000<br>william.lee@wilmerhale.com<br>cynthia.vreeland@wilmerhale.com<br>michael.summersgill@wilmerhale.com<br>timothy.syrett@wilmerhale.com<br><br>Mary V. Sooter (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, Colorado 80202<br>Telephone: 617 526 6000<br>Facsimile: 617 526 5000<br>mindy.sooter@wilmerhale.com<br><br>Heath A. Brooks (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663 6363<br>heath.brooks@wilmerhale.com<br><br>Arthur W. Coviello (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858 6000<br>Facsimile: (650) 858 6100<br>arthur.coviello@wilmerhale.com<br><br>*Counsel for Akamai Technologies, Inc.* |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Maya Eckstein (Va. Bar. No. 41413)
HUNTON & WILLIAMS LLP
951 E. Byrd St.
Richmond, Virginia 23219
Facsimile: (804) 343-4630
meckstein@hunton.com

Matthew D. Powers (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
William P. Nelson (*pro hac vice*)
Aaron M. Nathan (*pro hac vice*)
Azra Hadzimehmedovic (*pro hac vice*)
Natasha M. Saputo (Va. Bar. No. 80893)
Robert L. Gerrity (*pro hac vice*)
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
azra@tensegritylawgroup.com
Natasha.saputo@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com

*Counsel for Limelight Networks, Inc.*

/s/    Dabney J. Carr, IV
Dabney J. Carr, IV (VSB No. 28679)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

*Counsel for Akamai Technologies, Inc.*