IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LIMELIGHT NETWORKS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>XO COMMUNICATIONS, LLC.,<br><br>    Defendant,<br><br>AKAMAI TECHNOLOGIES, INC.,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Counterclaim Plaintiff. | Case No. 3:15cv720-JAG<br><br>**JURY TRIAL DEMANDED** |

**LIMELIGHT NETWORKS, INC.'S RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5, Plaintiff and Counterclaim Defendant Limelight Networks, Inc. ("Limelight") by and through undersigned counsel, hereby files this Response to Defendant's Motion for Leave to File Documents Under Seal. In Response to and in support of Akamai Technologies, Inc.'s ("Akamai's") Motion, Limelight states as follows:

**I.**  **INTRODUCTION**

In accordance with Local Rule 5 of the Rules of the U.S. District Court for the Eastern District of Virginia, Limelight files its Response to Defendant's Motion for Leave to File Documents Under Seal. On April 5, 2017, Akamai filed Akamai Technologies, Inc.'s Memorandum Regarding the Inadmissibility of Dr. Prowse's '348 Damages Opinion and several

exhibits that it seeks to seal (collectively "Confidential Akamai 348 Brief and Exhibits"). From among the materials Akamai seeks to seal, only the **Confidential Akamai 348 Brief and Exhibit 7**, which includes CSMG Growth Strategy Development document dated August 5, 2013, contain highly confidential Limelight information. The **Confidential Akamai 348 Brief and Exhibit 7** quote from and reproduce sections of highly confidential and competitively sensitive financial and business information produced by Limelight in discovery. The disclosure of Limelight's highly confidential competitively sensitive financial and business information in the Confidential Akamai 348 Brief and Exhibit 7 would put Limelight at a competitive disadvantage in the future, both with respect to Akamai and with respect to other competitors and other interested entities.

For these reasons and because Limelight does not oppose Akamai's request to seal other materials Akamai seeks to seal relating to its Brief, and pursuant to the authorities set forth below, Limelight also respectfully requests that the Court grant Akamai's request for leave to file under seal the Confidential Akamai 348 Brief and Exhibit 7.

## II. <u>ARGUMENT</u>

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g. Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The Fourth Circuit has held that before a district court may seal any court documents, it must "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object," "consider less drastic alternatives to sealing the documents," and "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

Akamai electronically filed contemporary Notice of its Motion, which provides the public with an opportunity to bring objections to sealing the documents that are the subject of this Motion to Seal. The Fourth Circuit has held that individual notice is unwarranted and that docketing notice reasonably in advance of deciding the issue is appropriate. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Fourth Circuit precedent states that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Here, Limelight's interest in maintaining the confidentiality of the information contained in the **Confidential Akamai 348 Brief and Exhibit 7** outweighs the public's right of access to judicial documents: (1) the information sought to be sealed likely can and will be used for an improper purpose, such as unfairly gaining a business advantage; (2) the release of the information in the **Confidential Akamai 348 Brief and Exhibit 7** would not enhance the public's understanding of an important historical event; and (3) the public has not already had access to the proprietary information contained in these documents. Moreover, Akamai and Limelight have sought to reasonably limit the amount of information necessary to be filed under seal. That is, Akamai has filed a public redacted copy of its Brief. Also, Limelight is not seeking to seal all of the exhibits to Akamai's Brief and has specifically identified the Akamai documents that contain highly confidential Limelight information. However, sealing the highly

confidential exhibits identified above is necessary since redactions would "gut the documents substantially and render them useless to the public," *see, e.g.*, *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 U.S. Dist. LEXIS 126259, at *8 (E.D. Va. Sept. 4, 2012), and the disclosure of the confidential information contained in the **Confidential Akamai 348 Brief and Exhibit 7** would create a substantial risk of serious harm that cannot be avoided by any less restrictive means. Finally, this Court has already sealed documents containing similar confidential information. *See* D.I. 116, D.I. 120.

### III. CONCLUSION

For the foregoing reasons and because Limelight does not oppose Akamai's request to seal other materials related to its Brief, Limelight respectfully requests that the Court grant Akamai's Motion for Leave to File Documents Under Seal, and enter an order permitting Akamai to file under seal the Confidential Akamai 348 Brief and Exhibit 7.

Date: April 12, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/    *Natasha M. Saputo*

　　　　　　　　　　　　　　　　　　　　Maya M. Eckstein (Va. Bar No. 41413)
　　　　　　　　　　　　　　　　　　　　HUNTON & WILLIAMS LLP
　　　　　　　　　　　　　　　　　　　　951 Byrd Street
　　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　　Telephone:　(804) 788-8788
　　　　　　　　　　　　　　　　　　　　Facsimile:　(804) 343-4630
　　　　　　　　　　　　　　　　　　　　Meckstein@hunton.com

　　　　　　　　　　　　　　　　　　　　Matthew D. Powers (CA Bar No. 104795)
　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Paul T. Ehrlich (CA Bar No. 228543)
　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Azra Hadzimehmedovic (CA Bar No. 239088)
　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　William P. Nelson (CA Bar No. 196091)
　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)

Aaron M. Nathan (CA Bar. No. 251316)
(*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080)
*(pro hac vice*)
Yi Chen (CA Bar No. 295236)
*(pro hac vice)*
Sergio Davila (CA Bar No. 302689)
*(pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:   (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

*Attorneys for Plaintiff and Counterclaim Defendant Limelight Networks, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2017, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

                                                /s/ *Natasha M. Saputo*
                                                Natasha M. Saputo