**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., | Case No. 3:15cv720-JAG |
| Plaintiff and Counterclaim Defendant, | |
| v. | **JURY TRIAL DEMANDED** |
| XO COMMUNICATIONS, LLC., | |
| Defendant, | |
| AKAMAI TECHNOLOGIES, INC., | |
| Defendant and Counterclaim Plaintiff, | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | |
| Counterclaim Plaintiff. | |

<u>LIMELIGHT NETWORKS, INC.'S REPLY IN SUPPORT OF LIMELIGHT'S
SUPPLEMENTAL MOTIONS *IN LIMINE*</u>

**I.      LIMELIGHT'S MIL NO. 10 – EXCLUSION OF REFERENCE TO *INTER
PARTES* REEXAMINATION ("IPR") PROCEEDINGS CONCERNING THE
PATENTS-IN-SUIT, OR DECISIONS FROM THE SAME**

As Akamai agrees that the parties may not introduce evidence or argument concerning

IPRs, Limelight's MIL No. 10 should be granted.

**II.     LIMELIGHT'S MIL NO. 11 – EXCLUSION OF EVIDENCE OF AND/OR
REFERENCE TO THIS COURT'S PRIOR RULINGS REGARDING THE
PARTIES' SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

Akamai's response appears to oppose a different MIL than the one filed by Limelight.

Limelight has not sought to exclude the Court's claim construction rulings, as Akamai contends

(either as stated in the Court's claim construction order or as clarified in its summary judgment

1

rulings).  D.E. 462 at 1-2.  The jury can and should be informed, *e.g.,* via jury instructions or other neutral characterizations, of the Court's constructions. Nor, to the extent that the Court's summary judgment rulings resolve some subsidiary factual or legal question disputed by the parties, does Limelight seek to relitigate the issue, as Akamai suggests. *Id.* at 2.  Rather, Limelight's MIL No. 11 seeks to exclude reference to the ***Court*** having made such findings, to avoid the risk of prejudice in the jury's determination of the larger issue under which the subsidiary finding is subsumed.  Akamai does not even try to distinguish the cases cited by Limelight excluding evidence of such rulings due to the risk of prejudice.  *See, e.g., Carter v. Burch,* 34 F.3d 257, 265 (4th Cir. 1994) ("'Judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'"); *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 101, 110 (E.D. Va. 2004) (excluding decision of FTC ALJ concerning overlapping issues: "Jurors learning that a presumably objective public official has reached a certain conclusion after hearing evidence similar to what they have heard may have difficulty reaching an opposite conclusion. Further, the jury is likely to deliberate on the correctness of the previous fact finding, rather than retaining the open-minded, first impression approach to the issues our system prefers.").

Nor has Akamai disputed Limelight's contention that "Akamai's written characterizations to date of the Court's summary judgment rulings exemplify the risk of prejudice and jury confusion from permitting reference to these decisions in front of the jury," or the examples Limelight provided.  D.E. 453 at 5-6.  Akamai should not be permitted to make misleading and prejudicial statements to the jury based on the Court's prior rulings, and Limelight's MIL No. 11 would prevent that result.

Finally, Akamai's claim that if Limelight seeks to "introduce Dr. Prowse's damages theories through its fact witnesses," then it "should be permitted to introduce evidence that the same theories were excluded by the Court" (D.E. 462 at 3) simply misses the point.  Akamai may not decide for itself that factual evidence of damages presented by Limelight's fact witnesses also relates to some theory of damages excluded by the Court, and thereby has opened the door for Akamai to tell the jury that such a theory was excluded by the Court.  Reference to the Court's *Daubert* rulings should be excluded for the reasons stated in Limelight's MIL No. 11; if Akamai believes some fact witness testimony crosses into impermissible expert testimony, it should raise the issue with the Court via objection under FRE 701.

Limelight's MIL No. 11 should be granted.

Date: April 14, 2017                    Respectfully submitted,

/s/  Natasha M. Saputo

Maya M. Eckstein (Va. Bar No. 41413)
HUNTON & WILLIAMS LLP
951 Byrd Street
Richmond, Virginia 23219
Telephone:      (804) 788-8788
Facsimile:      (804) 343-4630
Meckstein@hunton.com

Matthew D. Powers (CA Bar No. 104795) (*pro hac vice*)
Paul T. Ehrlich (CA Bar No. 228543) (*pro hac vice*)
Azra Hadzimehmedovic (CA Bar No. 239088) (*pro hac vice*)
William P. Nelson (CA Bar No. 196091) (*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316) (*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084) (*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080) (*pro hac vice*)
Yi Chen (CA Bar No. 295236) (*pro hac vice*)
Sergio Davila (CA Bar No. 302689) (*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065

Telephone:      (650) 802-6000
Facsimile:      (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com
sergio.davila@tensegritylawgroup.com

*Attorneys for Plaintiff and Counterclaim
Defendant Limelight Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of April, 2017, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/ *Natasha M. Saputo*
Natasha M. Saputo