**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br>  Plaintiff and Counterclaim Defendant, <br>v. <br><br>XO COMMUNICATIONS, LLC., <br><br>  Defendant, <br><br>AKAMAI TECHNOLOGIES, INC. <br><br>  Defendant and Counterclaim Plaintiff, <br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br>  Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:15-cv-720-JAG |

**AKAMAI TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS ADDITIONAL
MOTIONS IN LIMINE**

1

**I.     AKAMAI MIL 10: TO EXCLUDE LIMELIGHT'S CLAIMS FOR DAMAGES**

Limelight's Opposition (Dkt. 461 ("Opp.")) confirms that, other than as set forth in its now excluded expert report, Limelight never disclosed: the amount of damages it seeks; the theory justifying those damages; or any of the calculations underlying the damages. Limelight argues that it should nevertheless be permitted to present its damages "evidence," asserting that the Federal Circuit does not require it to disclose any methodology or computation as long as Limelight has identified documents and expected fact witness testimony "that the jury may use to determine the appropriate royalty." Opp. 1-2 (citing *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003)). This is flatly inconsistent with the controlling law.

Well after the *Dow Chemical* case Limelight relies on, the Federal Circuit upheld orders excluding all damages evidence because of the "unjustified risk of prejudice" posed by "***changing the damage calculation methodology***." See *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012);[1] *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1358 (Fed. Cir. 2005) (affirming exclusion of "additional non-expert damage theories"). Both *ePlus* and *MicroStrategy* excluded evidence for a failure to disclose a "methodology" or "theory," just as Limelight has done here, regardless of how many documents or witnesses it has identified. Both cases stand for the general proposition that merely identifying purported evidence is not sufficient to disclose a damages theory and "computation," as required by Rule 26(a)(1)(A)(iii). Accordingly, Limelight cannot limit the reach of *ePlus* by arguing that it is not seeking to "introduce a new, ***alternate*** royalty rate." Opp. 2 (emphasis in original). Without Dr. Prowse, Limelight has not introduced ***any*** royalty rate, and under *ePlus* and *MicroStrategy* this failure bars Limelight from introducing any damages evidence. *ePlus*, 700 F.3d at 523; *MicroStrategy*, 429 F.3d at 1358.

---

[1] All emphasis herein is added unless otherwise indicated.

Limelight is also wrong that *Veritas Operating Corp. v. Microsoft Corp.* is just an outlier from another district. *See* Opp. 3. Both *ePlus* and *MicroStrategy* support the holding in *Veritas* and the conclusion that Limelight's disclosure of only documents and potential witnesses is not sufficient. *See Veritas*, No. 06-cv-703, 2008 WL 657936, at *25 (W.D. Wash. Jan. 17, 2008), *adopted by* 2008 WL 687116 (W.D. Wash. Mar. 11, 2008) ("[E]ven accepting all of [the patentee's offered] facts as true and relevant to Microsoft's damages claim, ***mere recitation and bare analysis of those facts does not, at this stage, cure Microsoft's failure to disclose any computation of damages or any other damages analysis as required by the rules***."). Courts within the Fourth Circuit have reached the same conclusion. *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 07-cv-275, 2012 WL 1596722, at *4 (E.D.N.C. May 7, 2012) ("Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii) obligation.").

Limelight's only attempt to distinguish these holdings is to argue that "Akamai ***indisputably implicitly*** stipulated" that Limelight could present a separate non-expert damages theory to the jury even though it was never disclosed to Akamai. Opp. 3. Both parties relied exclusively on expert opinion to disclose their damages theories. That is not an "implicit stipulation" that Limelight may engage in trial by ambush and present a ***never-disclosed*** damages theory if Limelight's expert was excluded. Rather, the parties' exclusive reliance on experts to disclose their damages theories and computations, and the Court's exclusion of those experts, leaves both parties without any disclosed damages theory or computation for trial.[2] Notably, Limelight cites no authority finding an "indisputably implicit[]" stipulation that undisclosed, ***non-expert*** theories may be presented at trial simply because of mutual and

---

[2] If the Court grants this motion and excludes Limelight from presenting damages evidence at trial, the same holding would apply to Akamai.

exclusive reliance on expert theories.[3]

Unable to distinguish these cases, Limelight claims that its failure is "substantially justified" and "harmless" under Fourth Circuit law. Opp. 5 (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)). Limelight claims that there is no surprise to Akamai and thus no cure necessary for Limelight's failure to disclose a non-expert damages theory or calculation. But Limelight ignores all of the ways in which Akamai has shown that Limelight has not disclosed any legally supportable damages theory or computation. *See* Dkt. 459 ("Br.") at 3-4. Limelight's proffered "evidence" does not reveal its claimed damages amount, its damages theory, or the calculation to compute such damages. Limelight also does not reveal how it will meet the apportionment requirement—i.e., "reflect the value attributable to the infringing features of the [accused] product, ***and no more***"—without violating the same principles that led the Court to exclude Dr. Prowse's opinions. *See id.*; *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)). Limelight's purported "justification" again depends on its nonsensical "implicit stipulation" that purports to allow each party to present previously undisclosed damages theories and calculations at trial. But in *MicroStrategy*, the Federal Circuit considered the same Fourth Circuit *Southern States* test and affirmed the exclusion of all non-expert damages evidence for the same failure to disclose Limelight has committed here. *See MicroStrategy*, 429 F.3d at 1357 (exclusion "admittedly left MicroStrategy without evidence of damages [but] MicroStrategy alone is to blame for creating this situation").

Limelight made a conscious choice not to disclose any non-expert damages theories or calculations, and cannot escape that choice now by manufacturing a discovery dispute. *See* Opp.

---

[3] Furthermore, Akamai was under no obligation to compel Limelight (or otherwise discover on its own) a non-expert damages theory that Limelight was obligated to disclose. *See Silicon Knights*, 2012 WL 1596722, at *5 (defendant's "ability to depose witnesses who had some knowledge of SK's damages did not satisfy Rule 26(a)(1)(A)(iii)").

3

6-7. The Court should bar Limelight's damages amounts, theories, and computations.

## II. AKAMAI'S MIL 11: TO EXCLUDE TESTIMONY OR ARGUMENT INCONSISTENT WITH THE COURT'S ORDERS

Limelight's Opposition confirms that it intends to attempt to present argument and evidence that would contradict the Court's summary judgment and claim construction rulings. Limelight incorrectly states that MIL 11 seeks "sweeping exclusions" of evidence on issues that the Court has described as "matters for the jury." *See* Opp. 7. This is wrong. MIL 11 is directed to precluding testimony and argument contrary to specific claim construction rulings and findings that this Court has decided ***as a matter of law***. Limelight should not be allowed to ignore the Court's rulings on these legal issues and present arguments at trial as if these issues are open questions of fact. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (the court, not the jury, must resolve "dispute[s] regarding the scope of a claim term").

***'324 Patent:*** Limelight does not dispute MIL 11 with respect to the '324 patent. The Court accordingly should preclude Limelight from making arguments contrary to the Court's rulings regarding the "protocol attribute selector" or its finding that "Akamai's prior art and the '324 Patent both operate on a connection-by-connection basis." *See* Opp. 7-8; Br. 5-6.

***'155 Patent:*** Limelight seeks to misapply the Court's claim construction for the '155 patent by arguing that monitoring for "one ***or*** more requests" requires monitoring for "multiple requests"—*i.e.*, ***more than one request***. Limelight should be precluded from doing so. Limelight does not dispute that the '155 patent is a continuation of the '324 patent, meaning that it describes ***the same embodiments as the '324 patent***, including the embodiments that this Court already found operate only on a "connection-by-connection" basis. *See* Opp. 7-8; Br. 6-7; Dkt. 419 (SJ Op.) 5-6. Limelight nevertheless argues that the Court's construction of the '155

4

claim term "the data source is configured to monitor a first connection for a request" *excludes* these same "connection-by-connection" embodiments and is instead limited to the "request by request" embodiments. *See* Opp. 8. This is wrong. The Court construed this term as "the data source is configured to monitor a first connection for *one or more* requests." *See* Dkt. 179 (Order) at 4-5 (emphasis added). Thus, as with the '324 patent, the Court construed the '155 patent claims as covering *either* the "connection-by connection" embodiments that monitor a connection for "*one*" request *and/or* the "request-by-request" embodiments that monitor a connection for "*more*" than one request. *See id.* Limelight's argument that the '155 claims require monitoring each connection for "multiple requests"—*i.e.*, ***more than one request***—is thus directly contrary to the Court's claim construction ("*one or* more requests") and the Court's summary judgment rulings regarding the same embodiments in the '324 patent.

*'959 Patent:* Limelight misconstrues Akamai's MIL for the '959 patent. Akamai moved to preclude Limelight from making any non-infringement arguments that contradict the Court's ruling that the '959 patent's "CDN name service," with two levels of service, can be satisfied by "'operat[ing] both levels ***on one device'*** *(i.e., one server)*." Br. 8. Contrary to Limelight's argument, Akamai has ***not*** moved to preclude the remaining factual disputes concerning Limelight's accused Loris DNS servers. Opp. 8-9. The Court should therefore grant the motion.

*'133 Patent:* Limelight also misconstrues Akamai's MIL for the '133 patent. Again, Akamai moved to preclude Limelight from making a non-infringement argument that contradicts the Court's claim construction—specifically, the argument that FastTCP is not a "high performance protocol" "because end user computers ***merely receive*** content transmitted using FastTCP." Br. 8-9 (first emphasis added). Limelight provides no basis to allow this already-rejected argument at trial. Opp. 9-10. The Court should therefore grant the motion.

5

AKAMAI TECHNOLOGIES, INC.

By    /s/ Dabney J. Carr, IV

Dabney J. Carr, IV (VSB No. 28679)
Robert A. Angle (VSB No. 37691)
Laura Anne Kuykendall (VSB No. 82318)
TROUTMAN SANDERS LLP
1001 Haxall Point, Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
la.kuykendall@troutmansanders.com

Carlos Perez-Albuerne (*pro hac vice*)
Margaret E. Ives (*pro hac vice*)
Daniel C. Winston (*pro hac vice*)
Eric J. Marandett (*pro hac vice*)
Sophie F. Wang (*pro hac vice*)
Phoebe Fischer-Groban (*pro hac vice*)
Robert Z. Shames (*pro hac vice*)
Vanessa A. Arslanian (*pro hac vice*)
Diane Seol (*pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place, Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
cperez@choate.com
mives@choate.com
dwinston@choate.com
emarandett@choate.com
swang@choate.com
pfischergroban@choate.com
rshames@choate.com
varslanian@choate.com
dseol@choate.com

William F. Lee (*pro hac vice)*
Cynthia D. Vreeland (*pro hac vice*)
Michael J. Summersgill (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526 6000
Facsimile: (617) 526 5000
william.lee@wilmerhale.com
cynthia.vreeland@wilmerhale.com
michael.summersgill@wilmerhale.com
timothy.syrett@wilmerhale.com

Mary V. Sooter (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: 617 526 6000
Facsimile: 617 526 5000
mindy.sooter@wilmerhale.com

Heath A. Brooks (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663 6363
heath.brooks@wilmerhale.com

Arthur W. Coviello (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858 6000
Facsimile: (650) 858 6100
arthur.coviello@wilmerhale.com

*Counsel for Akamai Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Maya Eckstein(Va. Bar. No. 41413)
HUNTON & WILLIAMS LLP
951 E. Byrd St.
Richmond, Virginia 23219
Facsimile: (804) 343-4630
meckstein@hunton.com

Matthew D. Powers (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
William P. Nelson (*pro hac vice*)
Aaron M. Nathan (*pro hac vice*)
Azra Hadzimehmedovic (*pro hac vice*)
Natasha M. Saputo (Va. Bar. No. 80893)
Robert L. Gerrity (*pro hac vice*)
Tensegrity Law Group, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
azra@tensegritylawgroup.com
Natasha.saputo@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com

*Counsel for Limelight Networks, Inc.*

/s/     Dabney J. Carr, IV
Dabney J. Carr, IV (VSB No. 28679)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

*Counsel for Akamai Technologies, Inc.*