## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| LIMELIGHT NETWORKS, INC., | Case No. 3:15cv720-JAG |
|     Plaintiff and Counterclaim Defendant, | |
|     v. | **JURY TRIAL DEMANDED** |
| XO COMMUNICATIONS, LLC., | |
|     Defendant, | |
| AKAMAI TECHNOLOGIES, INC., | |
|     Defendant and Counterclaim Plaintiff, | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | |
|     Counterclaim Plaintiff. | |

## LIMELIGHT NETWORKS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Limelight respectfully brings to the Court's attention an opinion recently issued by the United States Court of Appeals for the Federal Circuit, *Exmark Manufacturing Company, Inc. v. Briggs & Stratton Powers Products Group, LLC*, No. 2016-2197, 2018 U.S. App. LEXIS 783 (Fed. Cir. January 12, 2018), regarding apportionment of reasonable royalty damages. The relevant holding of the Federal Circuit's *Exmark* decision shows that it would be improper to exclude Dr. Prowse's reasonable royalty opinion on Limelight's 002 Patent based on a supposed requirement that he apportion the royalty base. This having been the sole basis of Akamai's *Daubert* motion against Dr. Prowse on the 002 Patent, *Exmark* shows that it would be a straightforward violation of precedent to grant Akamai's motion on this patent.[1]

Dr. Stephen Prowse opined on the reasonable royalty Akamai owes Limelight for the infringement of Limelight's 002 Patent by meticulously apportioning the royalty **rate** and applying it to the full royalty base for Akamai's accused products. Akamai then moved to exclude Dr. Prowse's opinion regarding the reasonable royalty for the 002 Patent based on one and only one reason—that Dr. Prowse was required to apportion the royalty **base**. *See, e.g.*, D.E. 233 (Akamai's Opening *Daubert* Brief) at 13 ("Dr. Prowse Does Not Apportion The Accused Royalty Base"). In *Exmark Manufacturing*, the Federal Circuit unequivocally rejected the argument that the plaintiff's expert had to apportion the royalty base so as to apportion the value of the patentee's invention in comparison with the whole multi-component accused product. The argument the Federal Circuit rejected in *Exmark* was **exactly** the sole basis for Akamai's *Daubert* challenge to Dr. Prowse's

---

[1] As a preliminary matter, this notice of supplemental authority does not affect any issue bearing on the Court's consideration of Limelight's Notice of Supplemental Authority, associated briefing, and argument that occurred at the December 1, 2017, Hearing, as to whether the Federal Circuit's *Mentor Graphics* decisions confirm that Dr. Prowse was not required to apportion lost profits revenues. D.E. 433 (Limelight's Notice of Supplemental Authority); D.E. 469 (Limelight's *Mentor Graphics* Br.).

reasonable royalty opinion for the 002 Patent. *Compare* 2018 U.S. App. LEXIS 783, at *28-29 *with* D.E. 233 (Akamai Opening *Daubert* Brief) at 12-13, 15.   The *Exmark* Court held that apportioning the rate and not the base is appropriate:

> On appeal, Briggs argues that Exmark's expert should have apportioned or separated the value of the baffle from the other features of the mower through the royalty base rather than the royalty rate. We disagree. We have held that apportionment can be addressed in a variety of ways, including "by careful selection of the royalty base to reflect the value added by the patented feature [or] ... by adjustment of the royalty rate so as to discount the value of a product's non-patented features; or by a combination thereof." *Ericsson*, 773 F.3d at 1226.  ***So long as Exmark adequately and reliably apportions between the improved and conventional features of the accused mower, using the accused mower as a royalty base and apportioning through the royalty rate is an acceptable methodology***. *Id*. (citing *Garretson*, 111 U.S. at 121). "The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Id*.

2018 U.S. App. LEXIS 783, at *28-29 (emphasis added).  Similar to the *Exmark* Court, Limelight has also relied on the same previous Federal Circuit statements from the *Ericsson* case in explaining why Dr. Prowse's analysis is proper: Dr. Prowse thoroughly and reliably analyzed the real-world information, relying heavily on Akamai's own valuation, to apportion the royalty ***rate*** for the 002 Patent. *See, e.g.*, D.E. 381 (12/20/2016 Tr.) at 43:5-44:19 ("What [the Federal Circuit is] saying in [*Ericsson v.*] D-Link is an economist could do this apportionment in various ways. First, by careful selection of the royalty base to reflect the value added by the patented feature where that differentiation is possible. Second, by adjustment of the royalty rate so as to discount the value of a product's non-patented features. That is exactly what Dr. Prowse did. Or a combination thereof. The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value the patent invention adds to the end product.").

The Federal Circuit also noted that not apportioning the base is particularly appropriate in a case where the claim is covering the entire product, not only a component of the product.  2018 U.S. App. LEXIS 783, at *29-30.  The same is true for the 002 Patent.  For example, the asserted

Claim 17 is directed to "[a] content delivery network (CDN) having a plurality of points of presence (POPs) for retrieving content objects." Thus, it is the CDN—and the accused product as a whole—that infringes, not merely the accused component.

Accordingly, Limelight respectfully submits the Federal Circuit's *Exmark* decision (attached as **Exhibit A**) as a supplemental authority in support of Limelight's opposition to Akamai's *Daubert* motion regarding Dr. Prowse's reasonable royalty opinions regarding the 002 Patent. *See* D.E. 381 (12/20/2016 Tr.) at 38:18-49:25; D.E. 276 (Limelight's Opp.) at 14-22; D.E. 398 (Limelight's Post-Evidentiary-Hearing Brief Regarding Damages Expert Testimony) at 21-23; D.E. 408 (Limelight's Post-Evidentiary-Hearing Reply Brief Regarding Damages Expert Testimony) at 7-11.[2]

Date: January 25, 2018                    Respectfully submitted,

                                          /s/ Natasha M. Saputo

                                          Maya M. Eckstein (Va. Bar No. 41413)
                                          HUNTON & WILLIAMS LLP
                                          951 Byrd Street
                                          Richmond, Virginia 23219
                                          Telephone:     (804) 788-8788
                                          Facsimile:     (804) 343-4630
                                          Meckstein@hunton.com

                                          Matthew D. Powers (CA Bar No. 104795)
                                          (*pro hac vice*)
                                          Paul T. Ehrlich (CA Bar No. 228543)
                                          (*pro hac vice*)
                                          Azra Hadzimehmedovic (CA Bar No. 239088)

---

[2] This Court's March 13, 2017 Order regarding Akamai's *Daubert* motion notes that "[a]n appropriate Opinion will follow." D.E. 420. Limelight submits this notice of supplemental authority so that it can be considered by the Court as the Court finalizes that opinion. Limelight also respectfully maintains its disagreement with this Court's order regarding Akamai's *Daubert* motion and Limelight reserves all rights to appeal that decision at the appropriate time or seek additional recourse once the Court issues its opinion.

(*pro hac vice*)
William P. Nelson (CA Bar No. 196091)
(*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316)
(*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080)
(*pro hac vice*)
Yi Chen (CA Bar No. 295236)
(*pro hac vice*)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:     (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com

*Attorneys for Plaintiff Limelight Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of January, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/      *Natasha M. Saputo*
Natasha M. Saputo