IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LIMELIGHT NETWORKS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> XO COMMUNICATIONS, LLC., <br><br> Defendant, <br><br> AKAMAI TECHNOLOGIES, INC., <br><br> Defendant and Counterclaim Plaintiff, <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Counterclaim Plaintiff. | Case No. 3:15cv720-JAG <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED, PUBLIC VERSION** |

**LIMELIGHT NETWORKS, INC.'S BRIEF REGARDING CERTAIN DISPUTED JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FINAL JURY INSTRUCTIONS RELATING TO AKAMAI'S INVALIDITY AND PRIOR USE DEFENSES ............................................................................................... 3

    A. Akamai's Proposed Jury Instructions Regarding The Priority Date Or The Invention Date Of The 002 Patent And Its Instructions Sounding In 35 U.S.C. § 102(a) (PRE-AIA) Have No Relevance To Any Issue At Trial And Should Be Rejected ........................................................................................................ 4

        1. Akamai exclusively relies upon three specific prior art assertions for the 002 Patent .............................................................................................. 4

        2. All of Akamai's Prior Art Contentions Rely On Limelight's October 2, 2009 Priority Date, Not An Invention Date Or Non-provisional Date ...... 5

        3. Akamai's Invalidity Theories Are Only Under 35 U.S.C. §§ 102(b) and 103 ........................................................................................................ 8

        4. General Instructions On Prior Art Not Enumerating Akamai's Asserted Specific Prior Art In The Case Would Confuse The Jury And Unfairly Prejudice Limelight ............................................................................... 9

    B. Akamai's Proposed Jury Instructions Relating To Its 102(b) And Prior Use Defenses Against The 002 Patent And 102(b) Against The 348 Patent Should Be Rejected ...................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*ADI Worldlink, LLC v. RSUI Indem. Co.*,
  No. 4:16-CV-00665-ALM-CAN, 2017 U.S. Dist. LEXIS 151106 (E.D. Tex. Aug. 16, 2017)10

*Christopher v. Cutter Labs.*,
  53 F.3d 1184 (11th Cir. 1995) ................................................................................................ 9

*Drone Techs., Inc. v. Parrot S.A.,*,
  No. 14-cv-0111, ECF No. 334 (W.D. Pa. Apr. 22, 2015) ....................................................... 8

*Enovsys LLC v. AT&T Mobility LLC*,
  No. 11-5210, ECF No. 553 (C.D. Cal. Aug. 6, 2015) ............................................................ 9

*Gowski v. Peake*,
  682 F.3d 1299 (11th Cir. 2012) ......................................................................................... 3, 8

*LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*,
  275 F.3d 1347 (Fed. Cir. 2001) ............................................................................................ 10

*LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*,
  77 F. Supp. 2d 514 (D. Del. 1999) ....................................................................................... 10

*Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*,
  No. 1:12-CV-1292, 2013 U.S. Dist. LEXIS 152068 (N.D.N.Y. Oct. 23, 2013) ................... 11

**Statutes**

35 U.S.C. § 273 (post-AIA) ....................................................................................................... 11

**I.     INTRODUCTION**

Pursuant to Paragraph 17 of the Scheduling Order (D.E. 55), the Order Granting the Parties' Joint Stipulated Pretrial Deadlines (D.E. 558), and the Order Regarding Filing of Proposed Jury Instructions (D.E. 657), Plaintiff Limelight Networks, Inc. ("Limelight") and Defendant Akamai Technologies, Inc. ("Akamai") filed their Joint Proposed Preliminary Jury Instructions (the "Preliminary JIs") and their Joint Proposed Final Jury Instructions (the "Final JIs") on March 27, 2018. *See* D.E. 660. In these filings, the parties have preserved and presented to the Court certain disputed instructions. Specifically, the parties have disputes regarding each of the following specific instructions:

1. Final JIs relating to infringement:
   a. No. 14 (Direct Infringement – Knowledge of the Patent and Intent to Infringe are Immaterial)
   b. No. 15 (Literal Infringement – Types of Claims)
   c. No. 16 (Literal Infringement – Infringement under the Doctrine of Equivalents)
2. Final JIs relating to invalidity and prior use defense:
   d. No. 17 (Invalidity – Summary of Invalidity Defenses);
   e. No. 18 (Invalidity – Prior Art to the 002 Patent)
   f. No. 19 (Invalidity – Effective Filing Date of 002 Patent)
   g. No. 20 (Invalidity – Prior Art for the 348 Patent)
   h. No. 21 (Invalidity – Anticipation)
   i. No. 22 (Invalidity – Anticipation – Prior Public Use for the 002 Patent)
   j. No. 23 (Invalidity – Anticipation – Prior Public Use for the 348 Patent)

      k.  No. 24 (Defense of Noninfringement Based on Prior Commercial Use for the 002 Patent)

      l.  No. 25 (Invalidity – Obviousness)

3. Final JIs relating to the damages

      m.  No. 26 (Damages – Generally)

      n.  No. 27 (Damages – Date Damages Begin)

      o.  No. 29 (Lost Profits – Generally)

      p.  No. 30 (Lost Profits – Panduit Factors – Demand)

      q.  No. 31 (Lost Profits – Panduit Factors – Demand)

      r.  No. 32 (Lost Profits – Noninfringing Substitutes – Acceptability)

      s.  No. 33 (Lost Profits – Market Share)

      t.  No. 34 (Lost Profits—Noninfringing Substitutes—Availability)

      u.  No. 37 (Lost Profits – Apportionment)

      v.  No. 38 (Reasonable Royalty – Entitlement)

      w.  No. 39 (Reasonable Royalty – Generally)

      x.  No. 41 (Damages – Reasonable Royalty)

      y.  No. 42 (Damages – Apportionment of Reasonable Royalty)

The parties did not include their respective arguments about the propriety of any disputed proposal in the March 27, 2018, submission. Accordingly, Limelight hereby submits this brief to address certain disputes in the parties' proposed final jury instructions relating to Akamai's invalidity and prior use defenses in advance of the March 30, 2018, pretrial conference, which Limelight believes is important to resolve in advance of trial. Limelight will further address these disputed jury instructions at the March 30, 2018, final pre-trial hearing, and will be prepared to

address the other remaining disputed instructions at that time or at such other time as the Court deems appropriate.

## II.  FINAL JURY INSTRUCTIONS RELATING TO AKAMAI'S INVALIDITY AND PRIOR USE DEFENSES

The parties' key dispute on the proposed final invalidity-and-prior-use-related jury instructions turns on whether the jury should be instructed on issues that were never raised or relied upon by Akamai in the case—not disclosed in Akamai's invalidity contentions, not opined by Akamai's expert, and not discussed in depositions of relevant Akamai corporate witnesses. The law is clear that the jury instructions on invalidity and prior use defenses should be appropriately limited to instructing the jury on those issues that are actually in the case to avoid jury confusion and improper verdicts. *See Gowski v. Peake*, 682 F.3d 1299, 1315 (11th Cir. 2012) ("If there is no basis in the record for the instruction given, such error may raise a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations, and reversal may be required.").

Akamai's various proposals would instruct the jury on issues relating to invalidity theories, prior art, priority, invention date, and prior use, that have not been raised and thus are not in the case. If Akamai had properly raised contentions during discovery that placed the subject matter of these instructions at issue, Limelight would of course have been permitted to litigate these issues fully. Including instructions now on issues that Akamai has not properly placed in dispute will confuse the jury, invite a verdict on legally impermissible bases, and subject Limelight to unfair prejudice that would deny Limelight a fair trial on the issues that are actually in dispute in this case. Akamai's improper instructions should be rejected.

3

### A. Akamai's Proposed Jury Instructions Regarding The Priority Date Or The Invention Date Of The 002 Patent And Its Instructions Sounding In 35 U.S.C. § 102(a) (PRE-AIA) Have No Relevance To Any Issue At Trial And Should Be Rejected

Akamai proposes jury instructions relating to the priority date and the invention date of the 002 Patent in Final JI Nos. 18 (Invalidity – Prior Art to the 002 Patent), 19 (Invalidity – Effective Filing Date of 002 Patent), 25 (Invalidity – Obviousness), the invention date of the 002 Patent in Final JI Nos.18 (Invalidity – Prior Art to the 002 Patent), 21 (Invalidity – Anticipation), 22 (Invalidity – Anticipation – Prior Public Use for the 002 Patent), 24 (Defense of Noninfringement Based on Prior Commercial Use for the 002 Patent), 25 (Invalidity – Obviousness), and instructing the jury on prior art in general without tying to the specific asserted prior art in the case and covering prior art under inapplicable statutory sections, including pre-AIA 35 U.S.C. § 102(a) and 102 (e) in the Final JI Nos. 17 (Invalidity – Summary of Invalidity Defenses), 18 (Invalidity – Prior Art to the 002 Patent), 20 (Invalidity – Prior Art for the 348 Patent), 21 (Invalidity – Anticipation), 22 (Invalidity – Anticipation – Prior Public Use for the 002 Patent). These instructions are not relevant to any disputed issues at trial and should be excluded.

#### 1. Akamai exclusively relies upon three specific prior art assertions for the 002 Patent

As identified in Limelight's proposal in Final JI No. 18 (Invalidity – Prior Art to the 002 Patent), Akamai has exclusively relied upon three specific prior art items for its invalidity contentions regarding the 002 Patent, including:

The first prior art reference relied upon by Akamai is U.S. Patent No. 7,133,905 ("Dilley"), *See* Final JI No. 18 (Invalidity – Prior Art to the 002 Patent), D.E. 660-3, at 28; 2016-09-23 Expert Report of Dr. Samrat Bhattacharjee regarding Invalidity of Limelight's Asserted Patents and Non-

4

Infringement Based on Prior Commercial Use (the "Bhattacharjee Op. Rep.")[1], ¶ 793 ("Dilley is prior art to the '002 patent under at least *pre-AIA 35 U.S.C. § 102(b)*");¶¶ 903-905 (section heading: "The 002 Patent Claims are obvious in view of Dilley").

The second prior art reference relied upon by Akamai is Internet Cache Protocol, RFC2187 ("RFC2187"), *See* Final JI No. 18 (Invalidity – Prior Art to the 002 Patent), D.E. 660-3, at 18; Bhattacharjee Op. Rep., ¶¶ 906-910 (section heading: "002 Patent Claims are obvious in view of Dilley and RFC 2187").

The third prior art item relied upon by Akamai is Akamai's alleged prior art system as it existed prior to October 2, 2008, that did not include "Ping Likely Peers" ("Akamai's pre-Oct. 2, 2008-system"). *See* Final JI No. 18 (Invalidity – Prior Art to the 002 Patent), D.E. 660-3, at 28; Bhattacharjee Op. Rep., ¶ 974 ("████████████████████████████████████████████████████████████████████ ████████"); 2016-10-19 Bhattacharjee Report Regarding Non-Infringement (the "Bhattacharjee Non-Infringement Rep."), ¶ 235 ("████████████████████████████████████████████████████████████████████████").

### 2. All of Akamai's Prior Art Contentions Rely On Limelight's October 2, 2009 Priority Date, Not An Invention Date Or Non-provisional Date

Akamai's expert, Dr. Bhattacharjee, has relied upon only the October 2, 2008 critical date of the 002 Patent (one year before the effective filing date) to establish Dilley which was patented in 2006, and Akamai's alleged prior art system that existed prior to Oct. 2, 2008, as prior art to the 002 Patent.

---

[1] Copies of documents cited in this brief are not attached herewith. Rather than submit these voluminous documents to the Court, Limelight is prepared to offer hardcopies of relevant excerpts of any such cited document to the Court upon request at the March 30, 2018, Pretrial Conference, or at any other time that the Court may request them.

5

Specifically, with respect to Dilley, Akamai's expert, Dr. Bhattacharjee states that "Dilley's April 9, 2002 filing date is more than seven years prior to *the earliest alleged priority date of the '002 patent*. Dilley's November 7, 2006 date of issuance is nearly three years before *the earliest alleged priority date of the '002 patent*." Bhattacharjee Op. Rep., ¶ 793.

With respect to Akamai's pre-Oct. 2, 2008-system that did not include "Ping Likely Peers," Dr. Bhattacharjee states that "I have also reviewed the cache hierarchy features in Akamai's similar system that existed prior to *October 2, 2008 (Akamai's 'prior art system')*, *one year prior to the filing date of the earliest application for the '002 patent*, . . . .Finally, I am informed that Akamai witnesses will testify that *the Akamai prior art system that I reviewed* was on sale and in public use *prior to October 2, 2008*." Bhattacharjee Op. Rep. ¶ 912; *see also*, 2016-11-02 Rebuttal Expert Report of Dr. Samrat Bhattacharjee ("Bhattacharjee Rebuttal Rep."), ¶ 299 ("It is my opinion that all of the cache hierarchy features accused by Limelight were present *in the Akamai prior art system that I understand was on sale and in public use before October 2, 2008*."), ¶ 314 ("I have since spoken with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ . . . ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."), ¶ 324 ("It is also my opinion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓), Appendix D at 108 (same).

Dr. Bhattacharjee has relied only upon the October 2009 effective filing date with respect to RFC2187 which was published in 1997, for purposes of assessing the time of obviousness. *See*Bhattacharjee Op. Rep., ¶ 789. ("if Limelight argues . . . that Dilley does not disclose that

6

protocol, then Dilley in combination with RFC2187 would render the asserted claims obvious by **October 2, 2009**. RFC2187, published in September 1997, describes the Internet Cache Protocol ("ICP"), which was a protocol for communicating among Web caches.").

Further, Limelight does not dispute that Dilley, RFC2187, and pre-October 2, 2008 Akamai system —the only asserted prior art system for the 002 Patent—constitute prior art to the 002 Patent but disputes that any of them, individually or in specifically disclosed combinations, anticipates the 002 Patent or renders the 002 Patent obvious. *See* 2016-10-19 Responsive Expert Report Of Dr. Kevin C. Almeroth ("Almeroth Resp. Rep."), ¶¶ 466-467 (summarizing Dilley and not disputing that Dilley is prior art); ¶¶ 464-525 (opining Dilley does not disclose all limitations of the asserted 002 Patent claims); ¶¶ 526-530 (opining that Dilley does not render obvious the asserted claims of the 002 Patent); ¶ 532 (summarizing RFC2187 and not disputing that it is prior art); ¶¶ 533-543 (opining that there is no basis to combine Dilley with RFC2187 and that this combination does not render the asserted claims of the 002 Patent obvious); ¶¶ 545-549 (summarizing Akamai's alleged pre-October 2, 2008 prior art system and not disputing it is prior art); ¶¶ 544-600 (opining that Akamai's alleged pre-October 2, 2008 prior art system does not disclose all the limitations of the asserted 002 Patent claims); ¶¶ 601-603 (opining that Akamai's alleged pre-October 2, 2008 prior art system does not render the asserted claims of the 002 Patent obvious).

Akamai therefore has not raised any dispute about invalidity that would put the priority or invention date of the 002 Patent in dispute and accordingly no such dispute should be submitted to the jury. Akamai's proposed jury instructions in Final JI Nos. 18 (Invalidity – Prior Art to the 002 Patent), 19 (Invalidity – Effective Filing Date of 002 Patent), 20 (Invalidity – Prior Art for the 348 Patent), 21 (Invalidity – Anticipation), 22 (Invalidity – Anticipation – Prior Public Use for the

7

002 Patent), 25 (Invalidity – Obviousness) disputing the effective filing date and invention date of the 002 Patent have no relevance to any issue at trial and would only confuse the jury and waste time. *See Gowski v. Peake*, 682 F.3d 1299, 1315 (11th Cir. 2012) ("If there is no basis in the record for the instruction given, such error may raise a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations, and reversal may be required."); *Drone Techs., Inc. v. Parrot S.A.,*, No. 14-cv-0111, ECF No. 334 (W.D. Pa. Apr. 22, 2015) (removing sentence from jury instruction relating to a topic not at issue in the case).

### 3. Akamai's Invalidity Theories Are Only Under 35 U.S.C. §§ 102(b) and 103

Further, Akamai has only identified and asserted invalidity theories under 35 U.S.C. §§ 102(b) and 103 based on the above identified three specific prior art assertions, which are the following:

First, Akamai alleges that the asserted claims of the 002 Patent are anticipated by Dilley under pre-AIA102(b). *See*Bhattacharjee Op. Rep., ¶ 793 ("I have been informed that Dilley is prior art to the '002 patent under at least ***pre-AIA 35 U.S.C. § 102(b)***, which I have been informed applies to this patent.");

Second, Akamai alleges that the 002 Patent is anticipated by Akamai's pre-Oct. 2, 2008- system under pre-AIA 102(b). *See e.g.*, Akamai's Non-Infringement Contentions, at 1 ("Akamai's Preliminary Contentions Under 35 U.S.C. § 273 and ***35 U.S.C. § 102(b)*** Based on Prior Commercial, Public Use and Sale by Akamai . . . These contentions under ***35 U.S.C. § 102(b) (former)***, 135 U.S.C. §102(a) (current), and 35 U.S.C. § 273 (current) are provided in the alternative to Akamai's non-infringement contentions."); Bhattacharjee Rebuttal Rep., ¶ 299 ("As set forth below, in my prior reports, and in Appendix D (***applicable to 35 U.S.C. §§ 102(b)***, ***103*** and 273 on the basis of Akamai's prior use), it is my opinion that the '002 patent is invalid and

8

that Akamai does not infringe the '002 patent based, in part, upon Akamai's prior public commercial use of the subject matter claimed in the '002 patent.")

Third, Akamai alleges that the 002 Patent is rendered obvious over Dilley under 103(a). *See* Bhattacharjee Op. Rep., ¶ 903 ("The 002 Patent Claims are obvious in view of Dilley");

Fourth, Akamai alleges that the 002 Patent is rendered obvious over Dilley in view of RFC2187 under 103(a). *See* Bhattacharjee Op. Rep., ¶ 906 ("The 002 Patent Claims are obvious in view of Dilley and RFC 2187");

Lastly, Akamai alleges that the 002 Patent is rendered obvious by Akamai's pre-Oct. 2, 2008-system, that did not include "Ping Likely Peers." *See* Akamai's Non-infringement Contentions, Ex. C at 1 ("Finally, . . . the asserted claims of the '002 Patent would have been obvious under 35 U.S.C. § 103 in light of the material provided herein; or (2) the documents cited herein constitute public prior art to the '002 Patent.")

    **4.**    **General Instructions On Prior Art Not Enumerating Akamai's Asserted Specific Prior Art In The Case Would Confuse The Jury And Unfairly Prejudice Limelight**

Lastly, Akamai's proposed jury instructions in the Final JI Nos. 17 (Invalidity – Summary of Invalidity Defenses), 18 (Invalidity – Prior Art to the 002 Patent), 20 (Invalidity – Prior Art for the 348 Patent), 21 (Invalidity – Anticipation), 22 (Invalidity – Anticipation – Prior Public Use for the 002 Patent), instructing the jury on prior art in general rather than tying to the specific prior art asserted in this case, and on prior art under inapplicable statutory sections, including for example pre-AIA 35 U.S.C. § 102 (e), are irrelevant, improper, prejudicial to Limelight, and should be rejected. *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1194 (11th Cir. 1995) ("If there is no basis in the record for the instruction given, such error may raise a 'substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations,' and reversal may be required."); *Enovsys LLC v. AT&T Mobility LLC*, No. 11-5210, ECF No. 553 at 10 (C.D. Cal. Aug. 6, 2015)

9

("Because Enovys did not fairly put AT&T on notice of its infringement theory based on the making, as opposed to the use, of AT&T's network, it is not entitled to argue that theory at trial or to an instruction on that theory.").

> **B. Akamai's Proposed Jury Instructions Relating To Its 102(b) And Prior Use Defenses Against The 002 Patent And 102(b) Against The 348 Patent Should Be Rejected**

Akamai's proposed Final JI Nos. 22 (Invalidity – Anticipation – Prior Public Use for the 002 Patent) and 24 (Defense of Noninfringement Based on Prior Commercial Use for the 002 Patent) relating to anticipation under 102(b) and the prior use defense under 35 U.S.C. § 273 against the 002 Patent and Final JI No. 23 (Invalidity – Anticipation – Prior Public Use for the 348 Patent) relating to anticipation under 102(b). For the same reasons stated in connection with Limelight's Motion *In Limine* No. 11, which the Court took under advisement in relevant part, Akamai should not be allowed to present its prior use defense at trial and should not be allowed to submit this issue to the jury. *See* D.E. 631 at 16-20. *See also*, *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 77 F. Supp. 2d 514, 557 (D. Del. 1999) ("RTP insists that it is not liable to LNP because it is practicing the Hawley prior art invention. As is described above, ***the law does not permit an alleged infringer to defend itself against a charge of patent infringement by asserting that he practices the prior art. See 35 U.S.C. § 282. This purported defense,*** the court notes, ***has no basis in the jury instructions***."), *reversed in part on other grounds* in *LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347 (Fed. Cir. 2001).

Further, whether Akamai has even alleged facts that if true, and if proved, would support a defense under 35 U.S.C § 273 by clear and convincing evidence is a question of law that should be decided by the Court before trial so that the jury is not tainted by presentation of an issue that as a matter of law does not apply. *See ADI Worldlink, LLC v. RSUI Indem. Co.*, No. 4:16-CV-00665-ALM-CAN, 2017 U.S. Dist. LEXIS 151106, at *19 n.3 (E.D. Tex. Aug. 16, 2017) ("The

10

determination whether a statute applies even to undisputed facts constitutes a question of law."). Further, Akamai's introduction of evidence on issues related to its purported prior art system would confuse the jury if the facts upon which Akamai relies, and its contentions in the case, make clear that Akamai cannot support such a defense that requires that the purported prior art system is the same system accused of infringement. Thus, the Court should decide whether Akamai's alleged prior use defense could even be legally proper as applied to the 002 Patent before submitting this issue to the jury.

Even if Akamai's prior use defense is allowed to be presented to the jury, Limelight's proposal is consistent with the statute and the case law, which requires that Akamai must prove by clear and convincing evidence that the product that was allegedly in prior commercial use would otherwise infringe the asserted claims absent this defense. In other words, Akamai must prove by clear and convincing evidence that the alleged prior art system meets the asserted claims at issue and is the same system accused of infringement in this case. *See* 35 U.S.C. § 273 (post-AIA) ("A person shall be entitled to a defense under section 282(b) with respect to subject matter consisting of a process, or consisting of a machine, manufacture, or composition of matter used in a manufacturing or other commercial process, ***that would otherwise infringe a claimed invention being asserted against the person*** . . ."); *Vaughan Co. v. Glob. Bio-Fuels Tech., LLC*, No. 1:12-CV-1292, 2013 U.S. Dist. LEXIS 152068 (N.D.N.Y. Oct. 23, 2013) (striking plaintiff's 273 defense because the device that the Defendant contends was in prior use does not infringe the claims).

11

Date: March 29, 2018                    Respectfully submitted,

/s/ *Natasha M. Saputo*

Maya M. Eckstein (Va. Bar No. 41413)
Kevin S. Elliker (Va. Bar No. 87498)
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8788
Facsimile:    (804) 343-4630
Meckstein@hunton.com
kelliker@hunton.com

Matthew D. Powers (CA Bar No. 104795)
(*pro hac vice*)
Paul T. Ehrlich (CA Bar No. 228543)
(*pro hac vice*)
Azra Hadzimehmedovic (CA Bar No. 239088)
(*pro hac vice*)
William P. Nelson (CA Bar No. 196091)
(*pro hac vice*)
Aaron M. Nathan (CA Bar. No. 251316)
(*pro hac vice*)
Robert L. Gerrity (CA Bar No. 268084)
(*pro hac vice*)
Natasha M. Saputo (VA Bar No. 80893)
Lital Leichtag-Fuks (CA Bar No. 295080)
*(pro hac vice)*
Yi Chen (CA Bar No. 295236)
*(pro hac vice)*
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
azra@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
lital@tensegritylawgroup.com
yi.chen@tensegritylawgroup.com

*Attorneys for Plaintiff Limelight Networks, Inc.*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).


/s/  *Natasha M. Saputo*
Natasha M. Saputo